Receipt #40

ORIGINAL

FILED
JUL 9 2004
U.S. COURT OF FEDERAL CLAIMS

ECF

UNITED STATES COURT OF FEDERAL CLAIMS

WEST BAY BUILDERS, INC.

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 04-1140C

COMPLAINT

Plaintiff West Bay Builders, Inc. ("WBB"), for its complaint against alleges as follows:

JURISDICTION

1. Jurisdiction is conferred on this Court by 28 USC §1491(a)(1) & (2), and 41 USC §609(a)(1) & (3). The claim is based on an express written contract with the United States of America.

THE PARTIES

2. Plaintiff WBB is a corporation organized and existing under the laws of the State of California, with its principal place of business in California.

3. Defendant is the United State of America.

FACTUAL BACKGROUND/CLAIMS

4. On August 17, 2001 the Department of Veterans

Affairs, VA Northern California Health Care System ("VA") issued a solicitation to negotiate for the renovation of interior finish of Building 90 Livermore, Project 640-00-113L (the "Project").

5. The description of the work consisted of:

a. Contractor to provide labor, materials, equipment, and supervision to perform the work identified as "Renovate Interior Finish Bldg. 90 at VA Palo Alto Health Care System, Livermore Division: Work includes general construction, selected demolition, alterations, mechanical and electrical work, casework, utility systems, necessary removal of existing asbestos and certain other items.

6. The Solicitation required the submission of an offer to perform the work required at prices specified by offeror in accordance with the terms and conditions of the solicitation.

7. WBB submitted a signed offer to VA in accordance with the solicitation on September 25, 2001.

8. VA accepted all items of WBB's proposal on November 11, 2001 in the amount of $1,267,000.00.

9. On or about November 20, 2001, WBB was awarded the contract by the VA. A true and correct copy of the awarded contract is attached as Exhibit A.

10. The VA issued a notice to proceed on January 9, 2002.

11. Melvin P. Koenig was the Contracting Officer/CCA 90 acting on behalf of the VA for the project.

12. On May 3, 2002, in conjunction with the project, WBB submitted a claim for additional contract costs on the project for extra work incurred pursuant to a VA directive issued on May 3, 2002 and May 9, 2002 (a true and correct copy of the formal notice to proceed is attached as Exhibit B), to seal approximately 32,000 square feet of concrete sub-flooring to a maximum measured vapor pressure of three (3) pounds assuming an existing condition of fifteen (15) pounds vapor pressure throughout, in the amount of $157,681.00 which included a request for a time extension of thirty days. A true and correct copy of the claim documents are attached as Exhibit C.

13. The specific language of the contract documents in paragraph 1.02.A of section 09800 (Special Coatings Floor Concrete Moisture Sealant)do not call for floor concrete moisture sealant where the moisture tests do not exceed fifteen (15)pounds.

14. None of the moisture tests at the facilities for the Project exceeded the fifteen (15) pound threshold that would require the application of floor moisture sealant.

15. Despite, WBB position regarding the floor sealant, WBB was directed to proceed by the VA, and so proceeded.

13. On June 10, 2002, WBB submitted a revised claim with the corrected price for the scope of work, reducing the amount

to $128,633.00. A true and correct copy of the claim documents are attached as Exhibit D.

14. On November 6, 2002, WBB received a notice from Mr. Koenig requesting further information and stating that WBB's June 10, 2002 claim was under review and had been delayed due to Mr. Koenig's surgery. A true and correct copy of Mr. Koenig's letter is attached as Exhibit E.

15. WBB provided further information to Mr. Koenig on November 11, 2002.

16. On November 12, 2002, Mr. Koenig requested further information.

17. On January 8, 2003, Mr. Koenig issued an "Amendment of Solicitation/Modification of Contract" that approved WBB's claim for $128,279.20 for the Floor Seal Moisture Claim, finding that WBB's claim was meritorious. A true and correct copy of Mr. Koenig's letter and the modification of contract is attached as Exhibit F.

18. On January 15, 2003, WBB sent Mr. Koenig a letter informing Mr. Koenig that he failed to account for the requested time extensions and requested an incorporation of said time. A true and correct copy of the letter is attached as Exhibit G.

19. On April 4, 2003, Mr. Koenig responded to WBB's request and lowering their final offer to $64,140.00. A true

and correct copy of Mr. Koenig's letter is attached as Exhibit H.

20. On April 7, 2003, WBB declined the final offer and requested a final decision from the contracting officer, Mr. Koenig. A true and correct copy of WBB's request is attached as Exhibit I.

21. On July 7, 2003 Mr. Koenig mailed his "Final Decision of the Contracting Officer denying the claim in it's entirety.

22. On July 9, 2003, WBB received Mr. Koenig's final decision. A true and correct copy is attached as Exhibit J.

23. WBB has expended costs on the project due to work directed by Mr. Koenig, acting on behalf of the VA, and approved by the VA for which WBB has not been compensated and for which WBB has been forced to retain legal counsel to recover in the amount of $128,833.00 plus interest as outlined in the June 10, 2002 claim documents, attached as Exhibit C, and hereby incorporated.

WHEREFORE, plaintiff prays:

1. For judgment in the amount of $128,833.00, plus attorney's fees pursuant to the Equal Access to Justice Act and interest on the claim;

2. That plaintiff be awarded such further and other relief the court deems just or proper.

Timothy L. McInerney

McInerney & Dillon, P.C.
One Kaiser Plaza, 18th Floor
Oakland, CA 94612-3610
Telephone: (510) 465-7100
Facsimile: (510) 465-8556

OF COUNSEL:

Kimberly S. Fisher
West Bay Builders, Inc.
250 Bel Marin Keys Blvd.
Building A
Novato, CA 94949
Telephone: (415) 456-8972
Facsimile: (415) 459-0665

July 7, 2004