IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WEST BAY BUILDERS, INC., )
)
Plaintiff, )
)
v. ) No. 04-1140C
) (Judge G. Miller)
THE UNITED STATES, )
)
Defendant. )

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, West Bay Builders, Inc. ("West Bay"), defendant, the United States, admits, denies, and alleges as follows:

JURISDICTION

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

THE PARTIES

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

FACTUAL BACKGROUND/CLAIMS

4. Admits the allegations contained in paragraph 4 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the description of work cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegation contained in paragraph 7 that West Bay submitted a signed offer to the Department of Veterans Affairs ("VA") on September 25, 2001. The remaining allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits.

11. Admits.

12. Admits the allegations contained in paragraph 12 to the extent supported by the notice to proceed and the claim cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegation contained in paragraph 14 that certain moisture tests conducted at the facilities for the Project did not exceed 15 lbs. to the extent supported by an April 22, 2002 report authored by Taylor Tools, which is the best evidence of its contents. The remaining allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegation contained in paragraph 15 that the VA directed West Bay to proceed with floor moisture vapor sealing of the entire area being renovated under the contract; otherwise denies the allegations contained in paragraph 15.

13. Admits the allegations contained in the second paragraph 13 of West Bay’s complaint to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second paragraph 13 of West Bay’s complaint.[1]

14. Admits the allegations contained in the second paragraph 14 of West Bay’s complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second paragraph 14 of West Bay’s complaint.

15. Admits the allegations contained in the second paragraph 15 of West bay’s complaint to the extent supported by an e-mail dated November 11, 2002, and transmitted from West Bay to Melvin Koenig, which is the best evidence of its contents; otherwise denies the allegations contained in the second paragraph 15 of West Bay’s complaint.

16. Admits.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter and modification of contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 17.

[1] Following paragraph 15, West Bay’s complaint reverts to paragraph 13. The Government adopts West Bay’s method of numbering the paragraphs in its complaint.

18. Admits the allegations contained in paragraph 18 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Denies the allegation contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegation contained in the second sentence of paragraph 22 to the extent supported by the decision cited, which is the best evidence of its contents.

23. Denies.

24. Denies that West Bay is entitled to the relief requested in its prayer for relief immediately following paragraph 23.

25. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ ROBERT E. KIRSCHMAN, JR.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor,
1100 L St., N.W.
Washington, D.C. 20530

Tel: (202) 307-0277
Fax: (202) 307-0972

November 19, 2004

Attorneys for Defendant