IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1140C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

The Court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be competitively sensitive, proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected information" as used herein means:

(a) Information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (See paragraph 3 below);

(b) Information, the protection of which is necessary to safeguard the competitive process, including source selection information, and any proprietary or confidential information contained in any deposition, testimony, or affidavit taken or provided during this litigation, that is designated as protected by a party (See paragraph 3 below).

2. Items of Protected Information will be labeled, by the party so designating them, prominently (at a minimum on the front page of each separate document or the top of each thing) as "Confidential – Subject To Protective Order," or with similar language. The inadvertent absence of such a label upon any particular copy or version of an item that has elsewhere been labeled as Protected Information shall not, in itself, however, mean that the unmarked copy or version is not Protected Information. If a document or thing cannot conveniently be labeled as described above, it may be designated as Protected Information in a separate writing served upon the receiving party.

3. Information disclosed in a deposition or at trial may be designated as Protected Information by indicating on the record the portion of the testimony that contains Protected Information, or by serving a written notification upon the party that elicited

or proffered the information within 30 days of the receipt of the transcript by counsel for the designating party. A copy of the written notification, identifying the specific pages and lines of the transcript subject to this protective order, shall be attached to the transcript and every copy of the transcript possessed by any party or its agents, and the transcript shall be Protected Information. All information disclosed during a deposition shall be treated as Protected Information until at least 30 days after the transcript has been received by counsel for any designating party, except that the witness may review the transcript at any time.

4. If a party receiving or possessing a document or thing designated as Protected Information believes the contents are not confidential, the objecting party must within 30 calendar days of receiving the information notify the designating party in writing of the objection and the basis for the objection. Thereafter the parties will confer and, if within 10 calendar days from receipt of the party's notice of objection, the parties cannot resolve the disagreement, the designating party, within 20 calendar days of the date on which the parties determine that they cannot resolve the dispute, may file a motion with the Court seeking a resolution of the issue. Until the Court rules otherwise, the parties agree to treat all information subject to an objection as

Protected Information and subject of the terms of this Protective Order.

5. If a party makes available documents for inspection prior to copying, or things for inspection, all documents and things made available shall be treated as Protected Information for purposes of the inspection only. If the inspecting party then selects any documents for copying, or things for further inspection, the producing party shall, before the copying or further inspection, label any documents or things it wishes to designate as Protected Information.

6. Protected Information may be used solely for prosecuting or settling this litigation (including any appeal(s) or ancillary proceedings) and for no other purposes. The parties and Qualified Persons shall disclose Protected Information obtained in the course of this litigation only to Qualified Persons and in accordance with all provisions of this order.

7. A Qualified Person under this protective order includes only:

(a) the Court, persons employed by the Court, and stenographers transcribing testimony or argument at a deposition, hearing, or trial;

(b) the attorney of record for plaintiffs, attorneys working with that attorney on this litigation, and their legal assistants and support staff members;

(c) the attorney of record for the Government and other personnel of the Department of Justice, the Department of Veterans Affairs, or any department or agency of the Government involved with this lawsuit;

(d) experts and consultants retained by a party or a party's counsel for this litigation, whether or not designated as testifying experts, but only upon the following terms and conditions:

1) A party proposing to give access to Protected Information to an expert or consultant shall disclose to the other party the expert or consultant's identity, residence, and curriculum vitae at least 10 business days prior to giving such access. Compliance with this subparagraph shall not be deemed to waive or diminish any attorney-client privilege or attorney work product protection;

2) If a party objects to giving the expert or consultant access to Protected Information, the objecting party shall so state in writing within 10 business days of receiving notification;

3) If agreement cannot be reached, the proposing party may request that the Court allow access by the expert or consultant. No Protected Information shall

be provided to the expert or consultant until the Court has ruled upon the proposing party's request.

(e) any person agreed to by the parties in writing or allowed by the Court.

8. Qualified Persons identified in subparagraphs 7(d) and (e) above, shall, before receiving Protected Information, be provided a copy of this protective order and assent to its terms by executing an acknowledgment statement similar or identical to Attachment A below.

9. Protected Information may be quoted or paraphrased in briefs and other documents to be filed with the Court, and in notes prepared for any hearing or conference before the Court. All such filings and notes, including retained drafts, shall be Protected Information. Protected Information contained or reproduced in electronic media shall be marked with an appropriate legend and kept in a secure location.

10. Briefs, appendices, exhibits, and other documents filed with the Court that quote, paraphrase, or otherwise disclose Protected Information shall be filed under seal and labeled, "Contains Information Subject To Protective Order: Do Not Disclose To Unauthorized Persons," or with substantially similar language, beneath the caption on the first page of each filing. All such filings shall be Protected Information. Either party may, pursuant to paragraph 6 above, request that the Court review

such filed Protected Information and rule that it should not be maintained under seal.

11. Either party may file a proposed redacted copy of any pleading with the claimed Protected Information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page. Within five business days after its receipt of the proposed redacted copy, the other party shall advise the party originating the pleading of any additional redactions it requires. The originating party shall promptly provide the other party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy--May Be Made Public" in the upper right-hand corner of the page. During the five-day period, the proposed redacted copy shall be treated as protected. At the expiration of the five-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

12. Counsel for a party may disclose Protected Information in open court, but only if notice is first given so that all appropriate precautions may be taken.

13. Counsel for the parties shall maintain Protected Information at their places of business in a manner sufficient to prevent unauthorized disclosure.

14. At the conclusion of the proceedings before this Court and any related appeal, every Qualified Person (except Court and Government personnel) shall promptly destroy all notes, summaries, attorney work product, and other documents quoting or describing Protected Information. Concurrently, counsel for plaintiffs will destroy or discard such material. Counsel for plaintiffs may retain any pleadings that have been marked "Agreed-Upon Redacted Copy--May Be Made Public."

15. The obligations to prevent the disclosure of Protected Information shall continue even after the completion of these proceedings and any related appeal.

16. A motion to amend this protective order shall attach a proposed "First Amended Protective Order" reproducing this order exactly, except for the changes proposed in the motion.

17. Counsel for the parties shall promptly notify the Court of any breach of this protective order, shall make every effort to fully remedy any breach, and shall cooperate fully in any investigation of such a breach.

18. Any allegations of abuse or violation of this protective order may be considered by the Court either for purposes of determining whether it should impose sanctions, or for purposes of determining whether the matter should be referred for appropriate disciplinary proceedings, or both.

The foregoing is agreed to and stipulated to by plaintiffs and the United States through their counsel.

Dated: ___________

________________________________
The Honorable Margaret M. Sweeney
Judge, United States Court of
Federal Claims

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, ___________________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in West Bay Builders, Inc. v. United States, No. 04-1140C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed the copy of the protective order attached hereto, and that I will be bound by and comply with the terms of the order, including any amendments by the Court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all Protected Material and Protected Information, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be destroyed or returned to counsel for the United States for disposition in accordance with the protective order.

Date: ____________________ Signed: ______________________

Print Name: ______________________