IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1140C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's May 31, 2007 order, the parties respectfully submit this status report, informing the Court of the parties' progress during discovery and the parties' proposed steps for resolution of this matter.

The parties have completed discovery. The defendant propounded written discovery on West Bay on June 30, 2005. On October 17, 2005, West Bay responded to the interrogatories. On December 20, 2005, West Bay made a partial production of documents, withholding some documents on the basis that those documents contained trade-sensitive information.

On January 9, 2006, counsel for the defendant transmitted a draft standard protective order to plaintiff's counsel for review and signature, in order to ensure protection for the issue of the claimed sensitive documents. On April 13, 2006, counsel for the defendant filed a motion to compel production of documents because counsel for the plaintiff had neither signed the protective order nor produced the documents.

On May 1, 2006, the parties joined in a motion for a protective order. On May 5, 2006, this Court denied the defendant's motion to compel as moot on the grounds that the Court had entered the protective order. Counsel for the defendant renewed its motion to compel on

October 10, 2006 because the documents still had not been produced. On October 16, 2006, sixteen months after the defendant's request for production of documents, West Bay submitted documents to the defendant without identifying any of the documents as subject to the protective order.

In December 2006, the United States deposed two witnesses West Bay identified in its initial disclosures. On May 3, 2007, defendant propounded requests for admission on West Bay by facsimile and first-class mail. West Bay did not respond to those requests within the time period identified in Rule 36(a). West Bay did not take any discovery. Neither party identified an expert witness whose testimony they intend to rely in this matter.

At this time, the parties believe that this matter may be resolved by motions for summary judgment. Accordingly, the parties propose that the Court enter the following scheduling order:

| Pleading | Date |
|---|---|
| Plaintiff's Motion for Summary Judgment | September 7, 2007 |
| Defendant's Response to Motion/Cross-Motion for Summary Judgment | October 5, 2007 |
| Plaintiff's Reply/Response To Defendant's Cross-Motion | October 19, 2007 |
| Defendant's Reply | November 2, 2007 |

Respectfully submitted,

S/Timothy L. McInerney
TIMOTHY L. MCINERNEY
McInerney & Dillon, P.C.
1999 Harrison St., Suite 1700
Oakland, CA 94612
Tel: (510) 465-7100
Fax: (510) 465-8556
Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th fl.
Washington, D.C. 20530
Tele: (202) 616-2228
Fax: (202) 305-7643

June 14, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 14, 2007, a copy of the foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Tara K. Hogan