# EXHIBIT I

WEST BAY BUILDERS

General Contractor
License Number 626859
P.O. Box 3474
San Rafael, California 94912-3474
Tel 415 / 456-8972
Fax 415 / 459-0665

May 2, 2002

Mel Koenig
Veterans Health Administration

RE: Renovation of VA Building 90 - Livermore
Floor Moisture Sealant

Dear Mel,

Due to the dollar magnitude of the floor moisture sealant control issue combined with the fact that I was the estimator for this project I feel obligated to personally respond to your letter. Attached you will find CPE #03 for $157,681.00 which is the cost associated with applying the moisture control sealant to the entire floor area. First off you are correct in stating that West Bay Builders did allow for a minimal amount of time in our schedule for the application of the sealant control treatment. This duration was based on the fact that any new concrete patches would require this moisture control sealant. This specification is found often in new construction of schools in which the contractor may have excessive moisture levels in the newly placed concrete. If the moisture level exceeds certain levels then we will install the moisture sealant. When I bid your project we anticipated that there might be some concrete "patching" which would have excessive moisture levels. Please review our schedule of values which has a total value of $8,000.00 for the sealing work of all phases – hardly equal to the attached CPE. Furthermore could you please read section 09800 and tell me where it indicates that West Bay Builders is obligated to seal the entire project. In your letter you also make reference to the fact that winter vapor levels were measured at 14.4 pounds. The attached memo states **moisture test for the work required cannot be based on "current" test result** – this statement makes absolutely no sense. Should we use test results from when they constructed the building fifty years ago? The memo also states that the independent test conducted in 1999 showed test results of 14.4 pounds of moisture. Could you please indicate where in the contract documents that we should use test results, which are three years old, as the basis for determining if the moisture sealant is required. Not only are those test results irrelevant they are not incorporated into the contract documents in any shape or form. West Bay Builders bid section 09800 exactly in accordance with the verbiage in section 09800. If test levels exceed 15 pounds of moisture then we will install the moisture control product. Because of the dollar magnitude of this work combined with the absence of dispute resolution procedures in the specifications we are **not** proceeding with this work. We need to sit down to discuss an acceptable solution to all parties. Please call to schedule.

Sincerely,

Paul Thompson /KCL

Paul Thompson
President

WBB-100

EXHIBIT I

# EXHIBIT J

WEST BAY BUILDERS

General Contractor

San Rafael, California

May 03, 2002

Mr. Mel Koenig
VETERANS HEALTH ADMINISTRATION
5342 Dudley Blvd., Room 2S05
McClellan, CA 05652-7590

RE: Renovation Building 90 - Livermore
Letter #237- 007 – Floor Moisture Sealant -- CPE 03

Dear Mr. Koenig,

This is a follow-up to the letter Paul Thompson issued yesterday regarding our additional costs for the floor moisture sealant (WBB CPE 03). In reviewing the letter, our estimate and our schedule of values, we have determined that there was a misstatement in yesterday's letter.

Our letter referred to the $8,000 shown in our schedule of values (line item #60) as our original budget for this scope. This statement was not accurate. The amount shown for line #60 is our budget for the sealants outlined in specification section 07920 (Sealants and Caulking). Our estimate for the floor moisture sealant required was $2,000 and was combined with the flooring scope and included in line #100 on our schedule of values (Res. Flooring/Carpet).

We apologize for any confusion that may have been caused by our misstatement. Please do not hesitate to call if you have any questions regarding this information.

Sincerely,

Kurtis A. Vierra
Project Manager

**VIA FAX: (916) 561-7490 – 01 PAGE**

cc: Vince Osorio
Paul Thompson
Jobsite
CPE 03

EXHIBIT J

WEST BAY BUILDERS

General Contractor

P.O. Box 3424
San Rafael, California 94912-3424
Tel 415/456-8972
Fax 415/459-0065

# CHANGE PROPOSAL ESTIMATE

TO: VETERANS HEALTH ADMINISTRATION
5342 Dudley Blvd., Room 2505
McClellan, CA 95652-7590

ATTN: MR. Melvin Koenig

CPE # 03
PCO #
DATE: May 2, 2002
PROJECT: LIVERMORE BLDG 90
JOB # 237

We submit for your approval the following cost estimate of changes in work as follows:
SHOTBLAST AND SEAL FLOORS WHERE MOISTURE TEST DOES NOT EXCEED THE 15LB THRESHOLD IDENTIFIED IN SPECIFICATIONS

This change was requested by: OWNER

| ITEM | ATT. # | LABOR | MTL/EQUIP | SUBS | TOTAL |
|---|---|---|---|---|---|
| SURFACE SOLUTION INNOVATIONS | 01 | | | $121,185.00 | $121,185.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| ADDITIONAL CLEAN UP<br>2 MAN DAYS/PHASE X 4 PHASES = 64 HRS | | $3,264.00 | $200.00 | | $3,464.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | $3,264.00 | $200.00 | $121,185.00 | $124,649.00 |

| | | | | |
|---|---|---|---|---|
| OVERHEAD | 15 % | $124,649.00 | | $18,697.35 |
| | | | SUBTOTAL | $143,346.35 |
| PROFIT | 10 % | $143,346.35 | | $14,334.64 |
| | | | | $157,680.99 |
| TOTAL AMOUNT FOR CHANGE PROPOSAL | | | | $157,681.00 |
| TIME EXTENSION REQUIRED FOR THIS CHANGE | | | | 30 (WORKING DAYS) |

☐ We have proceeded with this change, and work orders have been sent to the subcontractors, in accordance with

☒ We will not proceed with this change until receipt of a signed copy of this proposal. This proposal must be accepted by May 6, 2002 in order to avoid additional time extension and/or expense.

WE RESERVE THE RIGHT TO CLAIM FOR THE RELATED COSTS THAT MAY OCCUR DUE TO THE CHANGED CONDITION. THE EXTENT AND AMOUNT WILL BE DETERMINED AT A LATER DATE WHEN THE FULL IMPACT OF ITS IMPLEMENTATION CAN BE MORE ACCURATELY DETERMINED.

APPROVED: ____________________

DATE: ____________________

WEST BAY BUILDERS

BY: [signature]

# EXHIBIT K

237

**VETERANS HEALTH ADMINISTRATION**

VISN 21 Consolidated Contracting Activity-McClellan
5342 Dudley Blvd., Room 2S05
McClellan AFB, CA 95652-1074

9 May 2002

West Bay Builders
Attn: Mr. Paul Thompson
615 Lindaro St.
San Rafael, CA. 94901

**VIA TELEFAX**

SUBJ: Contract V261C-1096, Renovate Interior Finish Bldg 90, Floor Moisture Scalant Requirement

RE: WBB Letter of Response Dated 5/2/02 and VA/WBB Conference of 5/7/02

Dear Mr. Thompson,

1. Please consider this letter to be formal direction to proceed with floor moisture vapor sealing of the entire area being renovated by West Bay Builders under the current contract. For purposes of the sealing application it was the intent of the VA to indicate in the contract (via amendment #4) that the successful bidder on this project was to use 15 lbs of vapor pressure as the existing level for all floor surfaces. The maximum level of vapor pressure measured **after** application in all areas shall not exceed 3 lbs. In addition, West Bay Builders, upon acceptance by the VA of sealant and tile installation, shall warrant the work for a period of 10 years in accordance with existing contract terms and conditions.

2. If you wish to submit a claim for the cost associated with the sealant effort you are required to provide notice to this office within the next 30 days. Your proposal associated with the cost of the claim will have to include a certification by yourself as follows:

> "This claim is made in good faith and the supporting data are accurate and complete to the best of my knowledge and belief, and the requested amount reflects the contract adjustment for which it believes the Government is liable."

3. Further information regarding the claims procedure and Federal Acquisition Requirements has been faxed earlier to Mr. Vierra, your Project Manager. Key references are Federal Acquisition Regulation(FAR) 33.201 "Disputes and Appeals" and FAR 52.233-1 "Disputes". Both of these documents may be located on the internet and both are applicable to your contract. Your claim must also stand the test of reasonableness and will be assessed in the same manner as any other negotiated procurement. If you have any further questions please give me a call at 916-561-7590.

MELVIN P. KOENIG
Contracting Officer

Cy: COTRs

**EXHIBIT** K

# EXHIBIT L

NOV. 5.2003 2:28PM WEST BAY BUILDERS, INC NO. 475 P.11/16

WEST BAY BUILDERS

General Contractor
License Number 626859
P.O. Box 3474
San Rafael, California 94912-3474
Tel 415/456-8972
Fax 415/459-0665

# CHANGE PROPOSAL ESTIMATE

TO: VETERANS HEALTH ADMINISTRATION
5342 Dudley Blvd., Room 2505
McClellan, CA 95652-7590

ATTN: MR. Melvin Koenig

CPE # 3.2
PCO #
DATE: June 10, 2002
PROJECT: LIVERMORE BLDG 90
JOB # 237

We submit for your approval the following cost estimate of changes in work as follows:
SHOTBLAST AND SEAL FLOORS WHERE MOISTURE TEST DOES NOT EXCEED THE 15LB THRESHOLD IDENTIFIED IN SPECIFICATIONS

This change was requested by: OWNER

| ITEM | ATT. # | LABOR | MTL/EQUIP | SUBS | TOTAL |
|---|---|---|---|---|---|
| FLOOR SEAL TECHNOLOGY | 01 | | | $119,040.00 | $119,040.00 |
| | | | | | $0.00 |
| ADDITIONAL CLEAN-UP | | | | | $0.00 |
| MAN DAYS/PHASE X 4 PHASES = 64 HRS | | $3,264.00 | $200.00 | | $3,464.00 |
| | | | | | $0.00 |
| FLOOR SEALANT BUDGET IN BID | | | | ($2,000.00) | ($2,000.00) |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | | | | $0.00 |
| | | $3,264.00 | $200.00 | $117,040.00 | $120,504.00 |
| OH ON WBB WORK UNDER $20,000 | 10 % | | $3,464.00 | | $346.40 |
| PROFIT ON WBB WORK UNDER $20,000 | 10 % | | $3,810.40 | | $381.04 |
| FEE ON 1ST $20,000 OF SUB WORK | 10 % | | $20,000.00 | | $2,000.00 |
| FEE ON NEXT $30,000 OF SUB WORK | 7.5 % | | $30,000.00 | | $2,250.00 |
| FEE ON BALANCE OF SUB WORK | 5 % | | $67,040.00 | | $3,352.00 |
| | | | | | $128,833.44 |
| TOTAL AMOUNT FOR CHANGE PROPOSAL | | | | | $128,833.00 |
| TIME EXTENSION REQUIRED FOR THIS CHANGE | | | | | 30 (WORKING DAYS) |

[X] We have proceeded with this change, and work orders have been sent to the subcontractors, in accordance with DIRECTION GIVEN BY COTR AND CCA IN MEETING OF 05/07/02

[ ] We will not proceed with this change until receipt of a signed copy of this proposal. This proposal must be accepted by ______________ in order to avoid additional time extension and/or expense.

WE RESERVE THE RIGHT TO CLAIM FOR THE RELATED COSTS THAT MAY OCCUR DUE TO THE CHANGED CONDITION. THE EXTENT AND AMOUNT WILL BE DETERMINED AT A LATER DATE WHEN THE FULL IMPACT OF ITS IMPLEMENTATION CAN BE MORE ACCURATELY DETERMINED.

APPROVED: ______________

DATE: ______________

WESTBAY BUILDERS
BY [signature]

EXHIBIT L

WEST BAY BUILDERS

General Contr.
License Number 62(
P.O. Box 3
San Rafael, California 94912-3
Tel 415/456-8
Fax 415/459-0(

June 10, 2002

Mr. Mel Koenig
VETERANS HEALTH ADMINISTRATION
5342 Dudley Blvd., Room 2505
McClellan, CA 05652-7590

RE: Renovation Building 90 - Livermore
Letter #237- 009 – Floor Moisture Sealant – CPE 03

Dear Mr. Koenig,

We have revised our CPE #03 to reflect the actual subcontractor performing the work. Please find the attached CPE #03.2 which reflects the corrected price for this scope.

Based on the specific language in paragraph 1.02.A of section 09800 (Special Coatings Floor Concrete Moisture Sealant), this scope of work is not required where the moisture tests do not exceed 15 lbs. As our previous documentation has shown, none of the moisture test at this facility has exceeded the 15 lb threshold that would require the application of this section of the specifications.

We have proceeded with this work based on our conversations and the VHA's written direction to proceed. Our positions remains that this work is not required by the Contract Documents and therefore, we are entitled to full compensation for this additional scope. Please find in this package our current estimate for this work, the quotation from our subcontractor, the results for the moisture test conducted and the certification required for a claim in excess of $100,000.

Please review this documentation and let me know if you have any questions.

Sincerely,

Kurtis A. Vierra
Project Manager

VIA FAX: (916) 561-7490 – 08 PAGES

cc: Paul Thompson
Jobsite
CPE 03

# WEST BAY BUILDERS

General Contractor
License Number 626859
P.O. Box 3474
San Rafael, California 94912-3474
Tel 415/456-8972
Fax 415/459-0665

Project: Renovation of Building 90 Livermore VA
Contract #V261C – 1096
West Bay Builders Change Proposal Estimate #003

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor thinks the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

Kurt A. Dezza SR. PROJECT MANAGER FOR:
Paul Thompson
President

# EXHIBIT M

NOV. 5.2003 2:21PM WEST BAY BUILDERS, INC NO. 475 P.12/16
JUN. 6.2002 1:30PM WEST BAY BUILDERS, INC NO. 475 P.12
May 08 02 05:21p Sue Unterreiner 925 784 9011 p.2

FLOOR SEAL TECHNOLOGY

# PROPOSAL

Date: May 6, 2002

Buyer: West Bay Builders, Inc.
616 Lindaro St.
San Rafael, CA 94912

V.A. Nursing Home, Bldg. 90
4951 Arroyo Rd.
Livermore, CA 94550
Ken Remmers 415/203-1477

Phones: 415/456-8972 415/456-0625
Attn: Kurt Vieira 415/203-7009

Schedule Notes: Proposal based on 4 mobilizations, during regular business hours, with all work area segregation by GC.

Project Coordinator: Sue Unterreiner, 408-807-5784, Fax 408-436-8254

---

Job Site Summary: Based on vapor emission test results ranging from 7.8 to 14.4 lbs. of emission, we herein propose the following (warranted to 15 lbs.) system recommendation.

SPECIFICATION SECTION 09800 FLOOR CONCRETE MOISTURE SEALANT

Scope of Work: Installation of System III Treatment in areas specified -
VCT/CARPET AREAS ONLY:
Includes masking & wall protection, scarification by shot blasting, crack & joint repair, THREE APPLICATIONS of our MES 100, and cementitious final finish. All materials, installation and finished floor coverings are warranted for a period of ten years against failure due to vapor emission up to 15 pounds per 1000 square feet per 24 hours and/or excessive alkalinity up to a pH of 12.

24,800 sf @ $ 4.80/sf = $ 119,040.00

Moisture testing: $ 50.00/test for all future testing.

Total $119,040.00

Exceptions and Exclusions:
- The work area must be scraped and broom cleaned and free of all debris, and other trades prior to commencing our work.
* - The proposed Scope of Work will be performed in one mobilization or phase unless otherwise noted.
- Excludes removal of all existing patching materials, leveling compounds, adhesives, and coatings, unless otherwise noted.

* 1 MOBILIZATION / PHASE
4 PHASES PER CONTRACT



FST Initial [signature] Buyer Initial KV 5-8

EXHIBIT M

- Does not include premium hours unless otherwise noted.
- Warranty must be registered for validation.
- Buyer must provide adequate water, lighting, electrical services, and trash receptacles.
- Buyer must provide adequate and acceptable access for loading and unloading of materials including mechanical access to upper floors.

---

Contractual Terms and Agreement

1. This proposal becomes a Contractual Agreement when signed and dated by Seller (Floor Seal Technology, Inc.) and Buyer (as noted above). The inclusion of price and/or scope of work from this document onto any other contract document binds all of the terms and conditions of this proposal to that document.

2. All concrete surfaces are subject to physical inspection and quantitative vapor measurement prior to execution of vapor emission compliance procedures.

3. Buyer acknowledges that certain drying and curing times are necessary for Floor Seal Technology, Inc. processes to be successful. Subsequent, premature installation of floor coverings and coatings may damage and compromise the effectiveness of the Floor Seal Technology, Inc., vapor control system. Buyer must not begin flooring installation until such time is designated by Floor Seal Technology supervisor. Failure to comply with this requirement will void the warranty.

4. Floor Seal Technology, Inc. will deliver to Buyer a warranty registration form. It is the Buyer's responsibility to ensure that the Warranty registration form is filled out and submitted to Floor Seal Technology, Inc. Upon receipt, Floor Seal Technology, Inc., will issue official warranty documentation. No warranty, implied or otherwise, will be honored without receipt of these materials.

5. This proposal is valid for a period of thirty (30) days unless noted otherwise.

6. The surface to be treated must be free of objects, debris, and interference with other trade groups. Floor Seal Technology, Inc., is not responsible for the removing or replacement of furniture or other obstructive fixtures. The Buyer shall pay expenses of any delay or additional costs caused by the failure of the Buyer to provide working conditions described herein. Seller assumes no liability for any delays in delivery of commencement of work resulting in causes beyond Seller's control, including but not limited to problems of transportation, acts of God, war, or government intervention. Any damage to the finished Floor Seal Technology, Inc., Fiberseal System, not caused by Seller's employees, will result in additional charges for correction.

7. Procedures quoted do not include night, week-end, holiday or over-time hours unless specified in "EXCEPTIONS AND EXCLUSIONS" or "SCOPE OF WORK". Floor Seal Technology, Inc., is not responsible for floor leveling, patch and/or gypsum removal unless specified in this document under "SCOPE OF WORK". All work to be performed under this contract shall be completed in one phase or mobilization. Should the Buyer require modifications to these terms after document signature or after work has commenced, a Change-Order must be issued in writing. Change-Orders must be accepted in the office of Floor Seal Technology, Inc., prior to the commencement of any additional work not covered in the original "SCOPE OF WORK", or before work can be continued. * See Phasing Note

8. Due to the extensive dry time of our products, removal of our masking/protection materials shall be borne by the Buyer unless specified as Seller's assignment in scope of work.

FST Initial SM Buyer Initial KW 5-8

9. Unless otherwise noted and described, a cementitious final finish is applied over the designated moisture control system to facilitate a bonding surface for adhesives and coatings. We do not guarantee this surface to be "tile ready" and final prep work should be anticipated by the floor covering or coating installer.

10. CANCELLATION CLAUSE: Contracts cancelled within 72 hours of contractual acceptance will not be subject to arranged payment schedule. Cancellation must be prescripted in writing. After 72 hours, buyer hold financial responsibility for all freight charges of product to and from construction site and a 20% restocking charge, if applicable. Additionally, cancellations received less than 72 hours of scheduled start date will result in a charge of four man-hours per scheduled crew member, plus all travel expenses incurred.

11. Upon delivery of materials to job site, Buyer shall adequately protect such materials against theft, damage, or abuse.

12. Buyer shall provide Floor Seal Technology with adequate electrical power, water, and accessibility necessary to complete the project described above. Buyer shall also provide trash receptacles adequate for all waste materials resulting from this project.

13. TERMS: Net 30 days. A finance charge of 1.5% per month (annual percentage rate of 18%) will be assessed on all invoices not paid within thirty days. All orders are subject to acceptance by Floor Seal Technology, Inc., and all open accounts are directed to the Corporate Headquarters Offices in San Jose, California.

14. ATTORNEY FEES PROVISION: Parties understand and agree that in the event suit is brought to enforce or interpret any part of this contract, the prevailing party shall be entitled to recover attorneys' fees to be fixed by the court.

15. No materials will be ordered, nor manpower will be scheduled until a signed copy of this proposal is returned to Floor Seal Technology, Inc. offices.

16. Contractors are required by law to be licensed and regulated by the Contractors State License Board. Any questions concerning a contractor may be referred to the Registrar, Contractors State License Board, 3132 Bradshaw Road, Sacramento, California. Mailing Address: P.O. Box 26000, Sacramento, California 95826.

Proposal Accepted by: West Bay Builders, Inc.

KURTIS A VIEZZA (handwritten) — [signature] — 5/8/02

Print or type name — Signature — Date

Proposal Submitted by:

[signature] — 5/08/02

Date

Floor Seal Technology, Inc.
1005 Ames Ave.
Milpitas, CA 95035
412670

# VAPRECISION

## Moisture Vapor Emission Test Report & Concrete Analysis

Job: **V.A. Nursing Home, Bldg. 90**
Contractor: **West Bay Builders, Inc.**

| Test No. | Location | Initialization Date | Time | Weight | Termination Date | Time | Weight | Gain | Hrs | Lbs Emiss | pH | PSI | Permeability | Tramex |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Stairway 1 | 07/23/99 | 08:25 | 30.5 | 07/26/99 | 10:52 | 38.1 | 7.6 | 74.5 | 12.1 | 13 | 8,100 | 1 | 5.7 |
| 2 | Electrical Room | 07/23/99 | 08:40 | 30.3 | 07/26/99 | 10:59 | 32.0 | 1.7 | 74.3 | 2.7 | 11 | 8,300 | 1 | 3.5 |
| 3 | Stairway 2 | 07/23/99 | 08:59 | 30.2 | 07/26/99 | 11:03 | 39.2 | 9.0 | 74.1 | 14.4 | 13 | 7,900 | 1 | 5.7 |
| 4 | B-181 | 07/23/99 | 09:15 | 30.8 | 07/26/99 | 10:57 | 36.9 | 6.1 | 73.7 | 9.8 | 13 | 7,900 | 1 | 5.7 |
| 5 | B-178 | 07/23/99 | 09:32 | 30.4 | 07/26/99 | 10:54 | 35.2 | 4.8 | 73.4 | 7.8 | 10 | 1 | 1 | 5.4 |
| 6 | Room (a) | 04/26/02 | 11:10 | 30.2 | 04/29/02 | 10:45 | 35.0 | 4.8 | 71.6 | 8.0 | 12 | | | 1.0 |
| 7 | Hallway | 04/26/02 | 11:12 | 30.3 | 04/29/02 | 10:47 | 36.2 | 5.9 | 71.6 | 9.8 | 13 | | | 1.0 |
| 8 | Hallway | 04/26/02 | 11:14 | 30.7 | 04/29/02 | 10:49 | 35.0 | 4.8 | 71.6 | 8.0 | 12 | | | 1.0 |
| 9 | Room (b) | 04/26/02 | 11:16 | 30.2 | 04/29/02 | 10:51 | 35.8 | 5.6 | 71.6 | 9.3 | 13 | | | 1.0 |

Emission summary:

| | | | | |
|---|---|---|---|---|
| 3.0+ | 6.0+ | 9.0+ 3 | 12.0+ 1 | 16.0+ |
| 4.0+ | 7.0+ 1 | 10.0+ | 13.0+ | 18.0+ |
| 5.0+ | 8.0+ 2 | 11.0+ | 14.0+ 1 | 20.0+ |

| | Temperature | Humidity |
|---|---|---|
| High | | |
| Low | | |

| Internal RH | Internal Temp. | DP |
|---|---|---|
| | | |

Comments / Slab Age:

* - TESTS 1-5 NOT APPLICABLE. THESE TEST WERE PERFORMED BY FLOOR SEAL TECHNOLOGY AS A CONSULTANT TO THE VA PRIOR TO THIS CONTRACT.

# EXHIBIT N

**VETERANS HEALTH ADMINISTRATION**
VISN 21 Consolidated Contracting Activity-McClellan
5342 Dudley Blvd., Room 2S05
McClellan Park, CA 95652-1074

RECEIVED
JAN 10 2003
WEST BAY BUILDERS, INC.

8 Jan 2003

West Bay Builders
Attn: Mr. Kurt Vierra
615 Lindaro Street
San Rafael, CA 94901

Subject: Contract V261C-1096, Bldg 90, Floor Moisture Sealant Claim

Ref: WBB Claim Dated 10 June 2002

Dear Mr. Vierra,

1. A lengthy review of the merit of your claim has resulted in an interpretation of the contract provisions which is favorable to West Bay Builders. Therefore, the costs incurred will be treated as a Government directed Change Order with overhead and profit limited to the VA Acqisition Regulation 852.236-88 stated amounts.

2. The calculation of total allowed costs and profits is as follows;

| | |
|---|---|
| Total Costs: | $120,504.00 |
| Ohd&Profit: | |
| $20,000@10.0% | $2,000.00 |
| $30,000@ 7.5% | $2,250.00 |
| $70,504@ 5.0% | $3,525.20 |
| TOTAL | $128,279.20 |

3. Please sign and return the attached Supplemental Agreement at your convenience which provides for a corresponding increase in the contract price and relieves the Government from any further liability regarding this claim. Thank you.

MELVIN P. KOENIG
Contracting Officer/CCA 90

Encl: Supplemental Agreement SA 02

EXHIBIT N

Nov. 05 2003 08:59AM P3 FROM : West Bay Builders

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE | PAGE 1 OF PAGES 2

2. AMENDMENT/MODIFICATION NO.: SA #4
3. EFFECTIVE DATE: 1/08/03
4. REQUISITION/PURCHASE REQ. NO.:
5. PROJECT NO. (If applicable):

6. ISSUED BY — CODE:
Contracting Officer/VA CCA 90
5342 Dudley Blvd, Room 2S05
McClellan AFB, CA 95652-1074

7. ADMINISTERED BY (If other than Item 6) — CODE:

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, county, State and ZIP Code)
West Bay Builders Inc.
615 Lindero St.
San Rafael, Ca
94901

CODE: 0802S0401 — FACILITY CODE:

(✓) 9A. AMENDMENT OF SOLICITATION NO.
9B. DATED (SEE ITEM 11)
x 10A. MODIFICATION OF CONTRACT/ORDER NO.: V261Q-1096
10B. DATED (SEE ITEM 13): 11/20/01

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:

(a) By completing Items 8 and 15, and returning one (1) copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
640-361-20160-1233-854200 ($128,279.20) (Increase)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

(✓) A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b).

x C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:
CHANGES CLAUSE (FAR 52.243-4)

D. OTHER (Specify type of modification and authority)

E. IMPORTANT: Contractor is not, X is required to sign this document and return ORIG copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

SEE PAGE 2 FOR AGREEMENT

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
MELVIN P. KOENIG
CONTRACTING OFFICER/VA CCA 90

15B. CONTRACTOR/OFFEROR
(Signature of person authorized to sign)
15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
BY
(Signature of Contracting Officer)
16C. DATE SIGNED

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105
Computer Generated

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

FROM : West Bay Builders FAX NO. : 7074513278 Nov. 05 2003 09:59AM P4

14 a. This Supplemental Agreement is to provide full consideration to West Bay Builders as a result of a Government direction on 3 May 2002 and 9 May 2002 to seal approximately 32,000 square feet of concrete sub-flooring to a maximum measured vapor pressure of 3 lbs assuming an existing condition of 15 lbs vapor pressure throughout.

b. The scope of effort included in this Supplemental Agreement includes all management, labor, materials, testing, and reporting necessary to meet Industry concrete floor sealing standards with a maximum measured vapor pressure as stated in paragraph "a" above. Method of performance and application shall be approved by VA Facilities Engineering/COTR via the established submittal and inspection process. Normal contract remedies will be utilized in the event of less than full performance of this task.

c. The negotiated total price for the sealant effort is **$128,279.20.**

d. The negotiated price represents full and fair consideration for the contractor's Claim of 10 June 2002 as supported by WBB letter with subcontract supporting cost data of 13 Nov 2002. This modification represents a complete equitable adjustment for all costs, direct and indirect, associated with the work and time agreed to herein, including but not limited to, all costs incurred for extended overhead, supervision, disruption or suspension of work, labor inefficiencies, and this change's impact on unchanged work.

e. Total Contract Price is increased from **$1,283,020.00 to $1,411,299.20**

**END OF AGREEMENT**

# EXHIBIT O

WEST BAY BUILDERS

General Contractor
License Number 626859
P.O. Box 3474
San Rafael, California 94912-3474
Tel 415 / 456-8972
Fax 415 / 459-0663

January 15, 2003

Mr. Mel Koenig
VETERANS HEALTH ADMINISTRATION
5342 Dudley Blvd., Room 2S05
McClellan, CA 05652-7590

RE: Renovation Building 90 - Livermore
Letter #237-013 – Floor Moisture Sealant - WBB CPE 03

Dear Mr. Koenig,

We have received a copy of Supplemental Agreement #4 for the above referenced additional work. In reviewing this document, it is clear that there is no provision for the requested extension of time. As we discussed today, the current schedule is tracking a total of 23 working days for this work. This duration includes the work completed for phases 1 and 2 and well as the work scheduled for completion in phases 3 and 4. Based on the 23 additional days and our submitted cost of $618.56 per day (see WBB CPE 11), the additional cost for the time extension would be $14,226.88.

Please review this information and let me know how the time extension will be incorporated into the Supplemental Agreement.

Sincerely,

Kurtis A. Vierra
Project Manager

**VIA FAX: (916) 561-7490 – 1 PAGE**

cc: Paul Thompson
CPE 03

EXHIBIT O

# EXHIBIT P

237
Counter

**VETERANS HEALTH ADMINISTRATION**
VISN 21 Consolidated Contracting Activity-McClellan
5342 Dudley Blvd., Room 2S05
McClellan Park, CA 95652-1074

Faxed
#2239
4/9

RECEIVED
APR 09 2003
WEST BAY BUILDERS, INC

4 April 2003

West Bay Builders
Attn: Mr. Kurt Vierra
615 Lindaro Street
San Rafael, CA 94901

Response
Issued 04/09/03

Subject: Contract V261C-1096, Bldg 90, Floor Moisture Sealant Claim

Ref: WBB Claim Dated 10 June 2002

CRE3

Dear Mr. Vierra,

1. A further review of your claim by VA Legal Counsel has resulted in a determination that the Government contract specifications contained a "patent ambiguity" with regards to the necessity for sealing the floors. Essentially this means if our specifications are ambiguous and do not adequately address standard industry practice then it is incumbent upon the contractor to raise the issue with the Government prior to submitting a bid. There is an abundance of case law confirming this principle.

2. However, I am prepared to make you a final offer of $64,140.00 to settle the issue. If you determine that this consideration is inadequate then you may make one more request for a Final Decision at which time your payment request would be either accepted or denied. If denied then the door is open for you to proceed with an Appeal under the Disputes provisions of the contract.

3. Please evaluate my offer carefully. It is my best and final offer. Any additional amounts paid to West Bay Builders would have to result from a decision under appeal. I shall look forward to hearing from you.

MELVIN P. KOENIG
Contracting Officer/CCA 90

EXHIBIT P

# EXHIBIT Q

WEST BAY BUILDERS

General Contractor
License Number 626859
P.O. Box 3474
San Rafael, California 94912-3474
Tel 415 / 456-8972
Fax 415 / 459-0665

April 07, 2003

Mr. Mel Koenig
VETERANS HEALTH ADMINISTRATION
5342 Dudley Blvd., Room 2S05
McClellan, CA 05652-7590

RE: Renovation Building 90 - Livermore
Floor Moisture Sealant - WBB CPE 03

Dear Mr. Koenig,

We have received your letter dated April 04, 2003 regarding our claim for the Floor Moisture Sealant. After reviewing your letter, we find that we cannot accept your settlement offer. There is also substantial case law indicating that when there is an ambiguity in the Contract Documents that results in increased obligations for one party, it is the responsibility of the drafter of the documents to clarify the ambiguity.

Per the provisions of your letter, we are hereby making "one more request for a Final Decision". Should this "Decision" result in any less than full payment of our claim, we will file an Appeal under the Disputes provision of the contract.

Please review the information previously submitted and let us know if any further information is required in order to facilitate the Final Decision.

Sincerely,

Kurtis A. Vierra
Project Manager

**VIA FAX: (916) 561-7490 – 1 PAGE**
copy sent via e-mail

cc: Paul Thompson
CPE 03

EXHIBIT Q

# EXHIBIT R

VETERANS HEALTH ADMINISTRATION
VISN 21 Consolidated Contracting Activity-McClellan
5342 Dudley Blvd., Room 2S05
McClellan AFB, CA 95652-1074

July 7, 2003

RECEIVED
JUL 09 2003
WEST BAY BUILDERS, INC.

West Bay Builders
Attn: Mr. Kurt Vierra
615 Lindero St.
San Rafael, CA 94901

RE: Contract V261C-1096, VA Livermore-Building 90 Moisture Sealant Claim

**FINAL DECISION OF THE CONTRACTING OFFICER**

Dear Mr. Vierra:

1. In accordance with Federal Acquisition Regulation FAR 33.211 and VA Acquisition Regulation 833.211, you are notified that your Claim dated June 10, 2002 for costs associated with moisture sealing floors located at VA Livermore, Bldg 90 in the amount of $128,833.00 is hereby denied.

2. I have reviewed your claim to recover costs associated with moisture sealing 24,800 square feet concrete floors with an assumed moisture accumulation of 15 lbs down to 3 lbs with a 10 year warranty. I have determined that the contract specifications required that the floors be sealed to 3 lbs assuming a 15 lb moisture accumulation overall. If you did not understand the contract floor moisture sealing requirements you were required to seek clarification from the Contracting Officer in a timely manner prior to submitting a proposal on this project. You did not seek such clarification, and thus, your claim is denied.

3. This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, referenced this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

EXHIBIT R

The Department of Veteran's Affairs Board of Contract Appeals (VABCA) is the authorized representative of the Secretary for hearing and determining such disputes. The rules of the VABCA are published in section 1.783, of Title 38, Code of Federal Regulations. The address of the Board is 810 Vermont Avenue, NW. Washington, DC 20420.

Sincerely,

MELVIN P. KOENIG
Contracting Officer/CCA/90