IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1140C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, defendant respectfully submits the following proposed findings of uncontroverted facts:

1. The contract included Contract Drawing A060, General Keyed Plan Notes 2, which states: "Provide moisture barrier at all new work areas at 1st floor concrete slab prior to installation of new finish. See Specification 07260 (Amended to 9800)." Def. Request For Admission ("RFA") No. 1; DA3.[1]

2. Amendment 4 to the solicitation addressed concrete moisture sealant requirements. Def. RFA No. 2; DA3.

3. West Bay did not submit a request for information or seek clarification from the contracting officer regarding Amendment 4 prior to submitting its bid for the contract. Def. RFA No. 3; DA3.

4. West Bay did not submit a request for information or seek clarification from the contracting officer about any issue related to concrete floor sealant prior to submitting its bid for the contract. Def. RFA No. 4; DA3.

---

[1] On May 3, 2007, defendant served its requests for admission. Because West Bay did not respond to those requests, they are deemed admitted pursuant to RCFC 36(a).

5. The contract award amount was $1, 267,000.00. Def. RFA No. 5; DA3; page 2 to Ex. A to Plaintiff's Vierra Decl.[2]

6. West Bay's bid allocated $2,000.00 for floor sealant for the entire project. Def. RFA No. 6; DA3.

7. The $2,000.00 allocation for floor sealant included the cost of vapor testing. Def. RFA No. 7; DA3.

8. The $2,000.00 allocation for floor sealant included overhead and profit. Def. RFA No. 8; DA3.

9. West Bay did not rely on any moisture testing results in estimating its cost for floor sealant prior to submitting its bid for the contract. Def. RFA No. 9; DA4.

10. The contract required West Bay to reduce moisture emission levels to within 3.0 lbs. Def. RFA No. 10; DA4.

11. All moisture emission (calcium chloride) test results performed by or on behalf of West Bay for this project in April 2002, prior to application of floor sealant, were above 3.0 lbs. Def. RFA No. 11; DA4.

12. West Bay did not seek proposals for floor sealant prior to submitting its bid for this contract. Def. RFA No. 12; DA4.

13. Flooring manufacturers generally will not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission. Def. RFA No. 13; DA3.

14. Floor sealant is a product placed on concrete floor in order to keep moisture from the concrete from damaging the flooring placed above the concrete. Vierra Deposition 21:13-15;

---

[2] The appendix to the plaintiff's motion for summary judgment is not page numbered. Page numbers refer to chronological order.

DA25.

15. On May 2, 2002, the contracting officer ("CO") directed West Bay to proceed with moisture vapor sealing of the concrete in the entire renovation area. Ex. F to Vierra Decl., p. 1.

16. The manufacturer of the VCT installed in this project advised that its product should not be installed if the tested moisture emission levels were over 5.0 lbs. DA40.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 616-2228
Fax: (202) 305-7643

October 19 , 2007

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on October 19, 2007, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Tara K. Hogan