IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, | ) | No. 04-1140C |
| v. | ) | (Judge M. Sweeney) |
| THE UNITIED STATES, Defendant, | ) | |

**PLAINTIFF'S RESPONSE TO DEFENANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, Plaintiff West Bay Builders, Inc. ("West Bay") respectfully submits its responses to the defendant's proposed findings of uncontroverted fact in support of its cross-motion for summary judgment, as follows:

1. The contract included Contract Drawing A060, General Keyed Plan Notes 2, which states: "Provide moisture barrier at all new work areas as 1st floor concrete slab prior to installation of new finish. See Specification 07260 (Amended to 9800)." Def. Request for Admission ("RFA") No.1; DA3.

Response:

Admit.

2. Amendment 4 to the solicitation addressed concrete moisture sealant requirements. Def. RFA No.2; DA3.

Response:

Admit.

3. West Bay did not submit a request for information or seek clarification from contracting officer regarding Amendment 4 prior to submitting its bid for the contract. Def.RFA No. 3; DA3.

Response:

Admit.

4. West Bay did not submit a request for information or seek clarification from the contracting officer about any issue related to concrete floor sealant prior to submitting its bid for the contract. Def. RFA No.4; DA3.

Response:

Admit.

5. The contract award amount was $1,267,000.00. Def. RFA No.5; DA3; page 2 to Ex A to Plaintiff's Vierra Decl.

Response:

Admit.

6. West Bay's bid allocated $2,000.00 for floor sealant for the entire project. Def.RFA No. 6; DA3.

Response:

Admit.

7. The $2,000.00 allocation for floor sealant included the cost of vapor testing. Def. RFA No. 7; DA3.

Response:

Admit.

8. The $2,000.00 allocation for floor sealant included overhead and profit. Def.RFA No.8; DA3.

Response:

Admit.

9. West Bay did not rely on any moisture testing results in estimating its cost for floor sealant prior to submitting its bid for the contract. Def.RFA No.9; DA4.

Response:

Admit.

10. The contract required West Bay to reduce moisture emission levels to within 3.0 lbs. Def. RFA No.10; DA4.

Response:

Deny. The contract does not require West Bay to reduce moisture emission levels to within 3.0 lbs. The contract requires West Bay to reduce moisture emission levels to within 3.0 lbs for the Project only if the moisture emission test results were 15 lbs or more. See Plaintiff's PFUF ¶3. The statement also fails to specify the area in which West Bay was allegedly required by the contract to reduce moisture emission levels. West Bay will file a motion to withdraw admission to Defendant's request for admission No. 10 to clarify that the statement contained in the Defendant's request for admission No.10 is part true and part false.

11. All moisture emission (calcium chloride) test results performed by or on behalf of West Bay for this project in April 2002, prior to application of floor sealant, were above 3.0 Ibs. Def. RFA No. 11; DA4.

Response:

Admit.

12. West Bay did not seek proposals for floor sealant prior to submitting its bid for this contract. Def. RFA No. 12; DA4.

Response:

Admit

13. Flooring manufacturers generally will not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emissions. Def RFA No. 13; DA 3.

Response:

Deny. Defendant's Request for Admission No. 13 states, "Admit that the flooring manufacturer would not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission." See DA 4. Defendant's Request for Admission No. 13 does not ask West Bay to admit that "flooring manufacturers generally will not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emissions." See DA 4. Therefore, Defendant's PFUF No. 13 is without basis. In addition, the flooring manufacturer for the Project also did not have such warranty requirement. See DA 40. West Bay will also file a motion to withdraw admission to Defendant's request for admission No. 13 to clarify that the statement contained in the Defendant's request for admission No. 13 is part true and part false.

14. Floor sealant is a product placed on concrete floor in order to keep moisture from the concrete from damaging the flooring placed above the concrete. Vierra Deposition 21:13-15; DA25.

Response:

Admit.

15. On May 2, 2002, the contracting officer ("CO") directed West Bay to proceed with moisture vapor sealing of the concrete in the entire renovation area. Ex.F to Vierra Decl., p.1

Response:

Admit.

16. The manufacturer of the VCT installed in this project advised that its product should not be installed if the tested moisture emission levels were over 5.0 lbs. DA 40.

Response:

Deny. The section cited by the Defendant to support its PFUF No. 16 is under the section "Installation Tips," i.e. this is not a requirement relating to the installation nor the warranty. See DA 40. Defendant's PFUF No. 16 also fails to specify the area in which West Bay was allegedly required to install the tiles with the testing results not exceeding 5.0 lbs.

Respectfully submitted,

/s/ Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612

(510) 465-7100
(510) 465-8556

Attorneys for Plaintiff

Dated: November 9, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2007, I electronically filed the foregoing West Bay Builders' Response Proposed Findings of Uncontroverted Facts with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Tara Kathleen Hogan**
U. S. Department of Justice
Civil Division- Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20530
(202) 307-1011
(202) 514-8624 (fax)
tara.hogan@usdoj.gov

/s/ Timothy L. McInerney
Timothy L. McInerney