IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1140C (Judge M. Sweeney) |
| THE UNITIED STATES, | ) | |
| Defendant, | ) | |

**NOTICE OF PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS**

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

YOU ARE HEREBY NOTIFIED THAT Plaintiff West Bay Builders, Inc. ("West Bay") is moving the Court for an order withdrawing West Bay's admissions to the Defendant's Requests for Admissions No. 10 and No. 13, propounded to West Bay on May 3, 2007, and that this Court may set a hearing date on West Bay's Motion.

Said motion shall be made on the grounds that withdrawal will aid in presenting the merits of the case, and that no substantial prejudice to the requesting party will result from allowing the admission to be withdrawn. RCFC 36(b); *Gutting v. Falstaff Brewing Corp.* (8th Cir. 1983) 710 F2d 1309, 1313. In addition, said motion to withdraw is necessary to prevent manifest injustice. FRCP 16(e). Leave of court is required before admissions may be withdrawn. RCFC 36(b).

Said motion will be based on this notice, the memorandum of points and authorities set forth below, the Declaration of Timothy L. McInerney, and Plaintiff's Request for Judicial Notice in support of this Motion, and the pleadings in this matter.

Respectfully submitted,

/s/ Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612
(510) 465-7100
(510) 465-8556

Attorneys for Plaintiff

Dated: January 16, 2008

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS**

Pursuant to Rule 36(b), Plaintiff West Bay Builders ("West Bay") moves for an order granting West Bay to withdraw admissions to Defendant the United States (the "Defendant')'s Requests for Admissions, No. 10 and No. 13, propounded to West Bay on May 3, 2007.

## I. Background

This dispute arises out of a public work of improvement known as the Renovation of Interior Finish of Building 90 of the Veterans Affairs Palo Alto Health Care System, Livermore Division (the "Project") between the VA Northern California Health Care System ("the VA") and West Bay, a general contractor.

On July 9, 2003, West Bay filed the above-captioned action against the Defendant in this Court to recover money for the application of concrete moisture sealant on the Project as directed by the Defendant. Subsequently, both parties proposed that this matter be resolved by motions for summary judgment, because the dispositive issue in this dispute is contract interpretation, a question of law. Specifically, the central issue in the present dispute is whether the contract required West Bay to apply sealant to the entire floor of the Project to within 3.0lbs. See Exhibit "A" to Declaration of Timothy McInerney ("McInerney Decl."): Joint Preliminary Status Report, ¶¶g and h. This Court adopted parties' proposal and set a briefing schedule for parties' motion and cross-motion for summary judgment.

On May 3, 2007, the Defendant propounded Request for Admissions, Set One (the "Defendant's Requests"), to West Bay. See Exhibit "B" to McInerney

Decl.: the Defendant's Request for Admissions. Unfortunately, due to an inadvertence by West Bay's attorneys of record, the Defendant's Request was never forwarded to West Bay, and West Bay never responded to the Defendant's Request for Admissions. As a result, the matters requested in the Defendant's Requests were deemed automatically admitted pursuant to RCFC 36(a).

On October 23, 2007, the Defendant filed its cross-motion for summary judgment and proposed findings of uncontroverted facts ("PFUF"). Both the cross-motion and the proposed findings of uncontroverted fact rely on the deemed admissions to the Defendant's Requests for Admissions No. 10 and No. 13. See Exhibit "C" to McInerney Decl.: the Defendant's Proposed Findings of Uncontroverted Fact, No. 10 and No. 13. However, the statements contained in the Defendant's Requests for Admissions No. 10 and No. 13 are part true and part false. It was not until October 23, 2007 that West Bay and its attorneys discover that West Bay had failed to timely respond to the Defendant's Requests.

On January 16, 2008, West Bay served its response to Defendant's Requests for the first time, and moved for an order withdrawing West Bay's admissions. See Exhibit "D" to McInreney Decl.: West Bay's Response to the Defendant's Request for Admissions.

## II. <u>Argument</u>

A party may be permitted to withdraw an admission only if the court finds withdrawal will aid in presenting the merits of the case, and no substantial prejudice to the party who requested the admission will result from allowing the admission to be withdrawn or amended. RCFC 36(b); <u>Gutting v. Falstaff Brewing</u>

Corp. (8th Cir. 1983) 710 F2d 1309, 1313. In addition, if the motion to withdraw or amend is made after a pretrial order has been entered, the amendment must be necessary to "prevent manifest injustice." RCFC 16(e). This Court should grant West Bay's motion to withdraw admissions because West Bay satisfies the above requirements.

**A. The Defendant's Request for Admission No. 10.**

First, the withdrawal of West Bay's admissions will aid in presenting the merits of this case. The Defendant's Request No. 10 reads:

> "Admit that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs."

Request No.10 essentially asks West Bay to admit that that the application of the sealant work, valued at more than $120,000, is within the scope of the contract, and that West Bay should not be compensated. Therefore, the alleged fact in the Defendant's Requests for Admission No. 10 is a legal conclusion or ultimate fact in this litigation. The Defendant used West Bay's automatic admission to Request No.10 as the basis of its PFUF No. 10.

Although a requesting party is entitled to request for an admission from the responding party to a legal conclusion or ultimate fact, West Bay would have not admitted to the ultimate fact stated in Request No.10 if not for the inadvertence of its attorneys, because doing so would make West Bay's entire claim against the Defendant moot. As stated earlier, the dispositive issue of the present dispute is an issue of contract interpretation, which is a question of law for this Court to determine. Therefore, this Court should grant West Bay's motion

to withdraw admission with respect to the Defendant's Request No. 10, which will aid this Court in determining the merits of this case.

Second, the Defendant's Request for Admission No. 10 is part true and part false. West Bay's position is that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs only if the testing of the moisture emission levels is 15 lbs or more. See Request for Judicial Notice in Support of Plaintiff's Motion to Withdraw Admissions ("Request for Judicial Notice"), ¶1: Plaintiff's Motion for Summary Judgment, sections 3.A and 4.B. West Bay's automatic admission to this part true, part false statement is erroneous and will only harm the Court's determination of the merit of the case. Therefore, West Bay's automatic admission to Request No. 10 should be withdrawn.

Furthermore, West Bay will deny Request No. 10 in part, and will admit Request No. 10 in part only as to the minor portion of the existing floors that were to be patched. See Exhibit "D" to McInreney Decl.: West Bay's Response to the Defendant's Request for Admissions, West Bay's Response to Request No. 10.

**B. The Defendant's Request for Admissions No. 13**

The Defendant's Request for Admissions No. 13 reads:

> "Admit that the flooring manufacturer would not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission."

The alleged fact contained in Request No. 13 directly contradicts the documents cited by the Defendant in its cross-motion for summary judgment, because the section cited in the floor manufacturer's manual by the Defendant to support its Request No. 13 is under the section "Installation Tips," i.e. this is not a

requirement relating to the installation nor the warranty; furthermore, the section cited by the Defendant references 5 lbs as the suggested threshold of moisture test result, not 3 lbs. See Request for Judicial Notice, ¶2: Defendant's Appendix to Cross-motion for Summary Judgment, p. 40. The Defendant's Request No. 13 is simply false.

West Bay's automatic admission to this false statement harms the Court's determination of the merit of the case. In its Cross-motion for Summary Judgment, the Defendant attempts to argue through West Bay's automatic admission to Request No. 13 that West Bay failed to follow the flooring manufacturer's warranty and installation requirement, and that the alleged flooring manufacturer's warranty requirement corresponds with the alleged requirement in the specifications for West Bay to apply sealant to the entire area of the Project. See Request for Judicial Notice, ¶3: Defendant's Cross-Motion for Summary Judgment, Section , p. 17-18; see also Request for Judicial notice, ¶4: Defendant's Proposed Finding of Uncontroverted Facts No. 13. As demonstrated above, the flooring manufacturer's manual contains no such warranty requirement. West Bay's automatic admission to Request No. 13 is factually wrong and must be withdrawn. See Schwarzer, Tashima & Wagstaffe, CAL.PRAC.GUIDE: FED.CIV.PRO.BEFORE.TRIAL (The Rutter Group 2007), ¶11:2093.

Furthermore, as demonstrated in West Bay's opposition to the Defendant's cross-motion, the flooring manufacturer's warranty is a non-issue in this litigation. See Request for Judicial Notice, ¶5: West Bay's Response to the

Defendant's Cross-Motion, section II.E. However, the Defendant attempts to misuse West Bay's automatic admission to support its PFUF No. 13, which reads:

> Flooring manufacturers generally will not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission. Def. RFA No.13; DA 3. (emphasis added).

See Request for Judicial Notice, ¶4: Defendant's Proposed Finding of Uncontroverted Facts No. 13. West Bay's automatic admission does not admit that all flooring manufacturers generally will not guarantee its product which has more than 3.0 lbs moisture emission, yet the Defendant here attempts to create this universal standard for moisture emission level in its PFUF No. 13, which is completely unsupported. Because it is clear that the Defendant attempts to mislead this Court in its cross-motion for summary judgment based on West Bay's automatic admission to the Defendant's Request No. 13, West Bay's automatic admission must be withdrawn.

In short, since withdrawing West Bay's automatic admissions will help present the merit of the case and avoid the undesirable outcome of this Court relying on ultimate fact and false statements to determine the merit of the case, this Court should grant this Motion.

**C. Withdrawing West Bay's admissions to Request No. 10 and No. 13 will not substantially prejudice the Defendant.**

In addition, no substantial prejudice to the Defendant will result from allowing the admission to be withdrawn. As mentioned above, if not for the inadvertence of West Bay's attorneys for failing to timely respond to discovery,

West Bay would not admit to the Defendant's Requests No. 10 and No. 13. Therefore, the Defendant suffers no substantial prejudice since these automatic admissions would not have taken place if not for the inadvertence of West Bay's attorneys.

In addition, since parties have agreed that the dispute is to be resolved through motions for summary judgment and this Court's determination over the merits of each party's respective position over contract interpretation, prejudice exists only to the extent that this Court relies heavily on these automatic admissions in determining the merit of the motions for summary judgment. As stated, this Court should not rely on West Bay's automatic admissions to ultimate fact, legal conclusion, or false statement, and therefore no prejudice exists.

Furthermore, "preparing a summary judgment motion in reliance upon erroneous admission does not constitute prejudice." Raiser v. Utah County (10th Cir. 2005) 409 F3d 1243, 1246. The Defendant had based its PFUF No. 10 and No. 13 on West Bay's automatic admissions to the Defendant's Requests for Admissions No. 10 and No. 13. As demonstrated above, the statements contained in Requests No. 10 and No. 13 are erroneous statements. West Bay would not have admitted to these erroneous statements if not for the inadvertence of its attorneys. Since the Defendant's reliance on erroneous admission here does not constitute prejudice, this Court should grant this Motion.

**D. Withdrawing the admissions is necessary to prevent manifest injustice.**

Manifest injustice will take place if this Court denies this Motion. First, as demonstrated above, the statements contained in Requests No. 10 and No. 13

are erroneous on their face, and the Defendant should not be allowed to profit from relying on admissions to these blatantly erroneous statements. Furthermore, with respect to Request No. 10, West Bay's automatic admission to this request practically eliminates any presentation of the merit of the case, and therefore the admission should be withdrawn. See Schwarzer, Tashima & Wagstaffe, CAL.PRAC.GUIDE: FED.CIV.PRO.BEFORE.TRIAL (The Rutter Group 2007), ¶11:2094.

Finally, with respect to Request No. 13, it is clear that the Defendant attempts to misuse West Bay's automatic admission to falsely assert in its PFUF No. 13 that all floor manufacturers generally will not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission. The Defendant should not be allowed to profit from West Bay's inadvertence, especially when the Defendant's reliance on the automatic admission clearly does not present the merit of the case, but rather confuses and misleads.

**CONCLUSION**

For the reasons stated above, West Bay respectfully requests this Court to grant is Motion to Withdraw Admissions.

Respectfully submitted,

/s/ Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612
(510) 465-7100
(510) 465-8556
Attorneys for Plaintiff

Dated: January 16, 2007

**DECLARATION OF TIMOTHY L. MCINERNEY IN SUPPORT OF WEST BAY'S MOTION TO WITHDRAW ADMISSIONS**

Timothy L. McInerney, pursuant to 28 U.S.C. § 1746, declares:

1. I am an attorney licensed to practice law before the United States Court of Federal Claims and a partner of the professional law corporation McInerney & Dillon, P.C., attorneys of record in this action for Plaintiff West Bay Builders Inc. ("West Bay"). I hereby make this Declaration based upon personal knowledge, except for those items stated to be based upon information and belief, in support of Plaintiff's Motion to Withdraw Admissions.

2. Attached hereto as Exhibit "A" is a true and correct copy of the January 31, 2005 Joint Preliminary Status Report.

3. On May 3, 2007, the Defendant propounded Request for Admissions, Set One (the "Defendant's Requests"), to West Bay. Attached hereto as Exhibit "B" is a true and correct copy of the Defendant's Request for Admissions, Set One.

4. As a result of this office's inadvertences in failing to forward the Request for Admissions to West Bay and failing to calendar a response date to the Defendant's Request for Admissions,, West Bay did not file a response to the Defendant's Request for Admissions. Pursuant to to RCFC 36(a), the matters requested in the Defendant's Requests were deemed automatically admitted.

5. On October 23, 2007, the Defendant filed its cross-motion for summary judgment and proposed findings of uncontroverted facts ("PFUF"). Both the cross-motion and the proposed findings of uncontroverted fact rely on the deemed admissions to the Defendant's Requests for Admissions No. 10 and

No. 13. Attached hereto as Exhibit "C" is a true and correct copy of the Defendant's Proposed Findings of Uncontroverted Fact.

6. It was not until October 23, 2007 that I discovered that West Bay had failed to timely respond to the Defendant's Requests for Admissions.

7. On January 16, 2008, West Bay served its response to Defendant's Requests for the first time, and moved for an order withdrawing West Bay's admissions. See Exhibit "D" to McInreney Decl.: West Bay's Response to the Defendant's Request for Admissions.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on the 16th day of January, 2008 at Oakland, California.

Timothy L. McInerney

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, | ) | |
| v. | ) | No. 04-1140C (Judge G. Miller) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

EXHIBIT A

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether plaintiff is entitled to $128,279.20 for the application of floor concrete moisture sealant to the entire floor area of Building 90, VA Palo Alto Health Care System, Livermore Division.

2. Whether contract specifications governing the application of floor concrete moisture sealant required plaintiff to apply floor concrete moisture sealant reducing emission levels to within 3.0 lbs to the entire floor area.

3. Whether there is any patent ambiguity in the contract documents drafted by defendant. If so, did such ambiguity place upon plaintiff a duty to inquire as to the full extent of floor concrete moisture sealant required prior to the award of the contract.

4. Whether defendant agreed to plaintiff's entitlement to reimbursement for the extra costs associated with the application of the floor concrete moisture sealant and, if so, what effect, if any, does this purported agreement have upon plaintiff's right to recover damages in this action.

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses.

j. Trial

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. The parties anticipate that a trial would take place in Washington, D.C.

k. Electronic Case Management

Parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | March 10, 2005 |
| Close of Fact Discovery | September 10, 2005 |
| Plaintiff's Expert Report Due | October 10, 2005 |
| Defendant's Expert Report Due | November 10, 2005 |
| Deadline for Expert Depositions | December 10, 2005 |

Respectfully submitted,

s/ TIMOTHY L. MCINERNEY
TIMOTHY L. MCINERNEY
McInerney & Dillon, P.C.
One Kaiser Plaza, 18th Floor
Oakland, CA 94612-3610
Tel: (510) 465-7100
Fax: (510) 465-8556

Attorney for Plaintiff

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ ROBERT E. KIRCHMAN, JR.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 616-8253
Fax. (202) 307-0972

January 31, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 31, 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS

# EXHIBIT B

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, | ) | No. 04-1140C (Judge Sweeney) |
| v. | ) | |
| UNITED STATES, Defendant. | ) | |

**DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant, the United States, hereby requests that plaintiff, West Bay Builders, Inc. ("West Bay"), respond to the following requests for admission in accordance with Rule 36 of the Rules of the United States Court of Federal Claims ("RCFC").

**Definitions**

For purposes of the requests for admission and production of documents below:

1. "West Bay," "plaintiff," "you," "yourself," and "your" means West Bay Builders Incorporated and its present or former officers, employees, agents, subcontractors, attorneys or representatives and every person connected with plaintiff in connection with this matter.

2. "Person" and "individual" means natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and their employees or independent contractors.

3. "Documents" means all writings, tapes recordings, graphic representations, drawings or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced or reproduced, that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence,

EXHIBIT B

letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

4. "Complaint" means the pleading filed by plaintiff to commence this action.

5. "Contract" means the prime contract number V261C-1096, which is the subject of this action.

6. "Related to," and "Regarding" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting or in any way pertaining to the subject specified.

7. "Project" or "building" refers to the Building 90, Livermore Division, Department of Veterans Affairs renovation project that is the subject of this action.

## REQUESTS FOR ADMISSION

Request For Admission No.1

Admit that the contract included Contract Drawing A060, General Keyed Plan Notes 2, which states: "Provide moisture barrier at all new work areas at 1st floor concrete slab prior to installation of new finish. See Specification 07260 (Amended to 9800)."

Request For Admission No. 2

Admit that Amendment 4 to the solicitation addressed concrete moisture sealant requirements.

Request For Admission No. 3

Admit that West Bay did not submit a request for information or seek clarification from the contracting officer regarding Amendment 4 prior to submitting its bid for the contract.

Request For Admission No. 4

Admit that West Bay did not submit a request for information or seek clarification from the contracting officer about any issue related to concrete floor sealant prior to submitting its bid for the contract.

Request For Admission No. 5

Admit that the contract award amount was $1,267,000.00.

Request For Admission No. 6

Admit that West Bay's bid allocated $2,000.00 for floor sealant for the entire project.

Request For Admission No. 7

Admit that the $2,000.00 allocation for floor sealant included the cost of vapor testing.

Request For Admission 8

Admit that the $2,000.00 allocation for floor sealant included overhead and profit.

Request For Admission 9

Admit that West Bay did not rely on any moisture testing results in estimating its cost for floor sealant prior to submitting its bid for the contract.

Request For Admission 10

Admit that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs.

Request For Admission 11

Admit that all moisture emission (calcium chloride) test results performed by or on behalf of West Bay for this project in April 2002, prior to application of floor sealant, were above 3.0 lbs.

Request For Admission 12

Admit that West Bay did not seek proposals for floor sealant prior to submitting its bid for this contract.

Request For Admission 13

Admit that the flooring manufacturer would not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DEBORAH A. BYNUM
Assistant Director

TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2228
Fax. (202) 305-7643

May 3, 2007

Attorneys for Defendant

# EXHIBIT C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1140C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, defendant respectfully submits the following proposed findings of uncontroverted facts:

1. The contract included Contract Drawing A060, General Keyed Plan Notes 2, which states: "Provide moisture barrier at all new work areas at 1st floor concrete slab prior to installation of new finish. See Specification 07260 (Amended to 9800)." Def. Request For Admission ("RFA") No. 1; DA3.[1]

2. Amendment 4 to the solicitation addressed concrete moisture sealant requirements. Def. RFA No. 2; DA3.

3. West Bay did not submit a request for information or seek clarification from the contracting officer regarding Amendment 4 prior to submitting its bid for the contract. Def. RFA No. 3; DA3.

4. West Bay did not submit a request for information or seek clarification from the contracting officer about any issue related to concrete floor sealant prior to submitting its bid for the contract. Def. RFA No. 4; DA3.

---

[1] On May 3, 2007, defendant served its requests for admission. Because West Bay did not respond to those requests, they are deemed admitted pursuant to RCFC 36(a).

EXHIBIT C

5. The contract award amount was $1, 267,000.00. Def. RFA No. 5; DA3; page 2 to Ex. A to Plaintiff's Vierra Decl.[2]

6. West Bay's bid allocated $2,000.00 for floor sealant for the entire project. Def. RFA No. 6; DA3.

7. The $2,000.00 allocation for floor sealant included the cost of vapor testing. Def. RFA No. 7; DA3.

8. The $2,000.00 allocation for floor sealant included overhead and profit. Def. RFA No. 8; DA3.

9. West Bay did not rely on any moisture testing results in estimating its cost for floor sealant prior to submitting its bid for the contract. Def. RFA No. 9; DA4.

10. The contract required West Bay to reduce moisture emission levels to within 3.0 lbs. Def. RFA No. 10; DA4.

11. All moisture emission (calcium chloride) test results performed by or on behalf of West Bay for this project in April 2002, prior to application of floor sealant, were above 3.0 lbs. Def. RFA No. 11; DA4.

12. West Bay did not seek proposals for floor sealant prior to submitting its bid for this contract. Def. RFA No. 12; DA4.

13. Flooring manufacturers generally will not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission. Def. RFA No. 13; DA3.

14. Floor sealant is a product placed on concrete floor in order to keep moisture from the concrete from damaging the flooring placed above the concrete. Vierra Deposition 21:13-15;

---

[2] The appendix to the plaintiff's motion for summary judgment is not page numbered. Page numbers refer to chronological order.

DA25.

15. On May 2, 2002, the contracting officer ("CO") directed West Bay to proceed with moisture vapor sealing of the concrete in the entire renovation area. Ex. F to Vierra Decl., p. 1.

16. The manufacturer of the VCT installed in this project advised that its product should not be installed if the tested moisture emission levels were over 5.0 lbs. DA40.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 616-2228
Fax: (202) 305-7643

October 19, 2007

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on October 19, 2007, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Tara K. Hogan

# EXHIBIT D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, v. THE UNITIED STATES, Defendant, | ) | No. 04-1140C (Judge M. Sweeney) |

**WEST BAY BUILDERS, INC.'S RESPONSE TO ADMISSION**

Plaintiff West Bay Builders ("West Bay"), by their attorneys of record, hereby responds to Defendant the United States' First Set of Request for Admissions, as follows:

Request for Admission No. 1: Admit that the contract included Contract Drawing A060, General Keyed Plan Notes 2, which states: "Provide moisture barrier at all new work areas at 1st floor concrete slab prior to installation of new finish. See Specification 07260 (Amended to 9800).

Response: West Bay objects to this Request on the grounds that the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible. Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

Request for Admission No. 2: Admit that Amendment 4 to the solicitation addressed concrete moisture sealant requirement.

Response: West Bay objects to this Request on the grounds that the Request is vague, ambiguous, overbroad, compound, conjunctive and

EXHIBIT D

unintelligible as to the phrases "address" and "concrete moisture sealant requirements," and the answer herein presumes the phrase "concrete moisture sealant requirements" contained in this Request concerns modification to Section 09800, Paragraph 3.01 (E) only. Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

Request for Admission No. 3: Admit that West Bay did not submit a request for information or seek clarification from the contracting officer regarding Amendment 4 prior to submitting its bid for the contract.

Response: West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to the phrases "regarding," "request for information," and "seek clarification," (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately"; (c) the Request is not relevant to claim or defense of any party; and (d) the answer herein presumes that West Bay did not have a duty to request information or seek clarification from the contracting officer. Subject to and without waiving the foregoing objections, responding party responds as follows: Admit only to the extent that West Bay did not have a duty to request for information or seek clarification from the contracting officer regarding Amendment 4 since Amendment 4 is not ambiguous.

Request for Admission No. 4:

Admit that West Bay did not submit a request for information or seek clarification from the contracting officer about any issue related to concrete floor sealant prior to submitting its bid for the contract.

Response No. 4:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to the phrases "any," "about any issue related," "request for information," "seek clarification," and "concrete floor sealant" (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately"; (c) the Request is not relevant to claim or defense of any party; and (d) the answer herein presumes that West Bay did not have a duty to request information or seek clarification from the contracting officer. Subject to and without waiving the foregoing objections, responding party responds as follows: Admit only to the extent that West Bay did not have a duty to request for information or seek clarification from the contracting officer regarding issues related to concrete floor sealants since contract specifications related to concrete floor sealants are not ambiguous.

Request No. 5:

Admit that the contract award amount was $1,267,000.00.

Response to Request No. 5:

Admit only to the extent that $1,267,000.00 was the original contract price agreed by West Bay and the defendant and does not include compensation for work performed on the Project outside the scope of the original contract.

Request No. 6:

Admit that West Bay's bid allocated $2,000.00 for floor sealant for the entire project.

Response to Request No. 6:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to the phrase "bid allocated" and "for the entire project;" (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately"; (c) the Request is not relevant to claim or defense of any party; (d) the answer herein presumes that the application of floor sealant to the entire project is outside the scope of contract, and that West Bay's allocation of floor sealant in its schedule of values applies to the new concrete patches only. Subject to and without waiving the foregoing objections, responding party responds as follows: Admit only to the extent that that the application of floor sealant to the entire project is outside the scope of contract, and that West Bay's allocation of floor sealant in its schedule of values applies to the new concrete patches only.

Request No. 7:

Admit that the $2,000.00 allocation for floor sealant included the cost of vapor testing.

Response to Request No. 7:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to the

phrase "cost of vapor testing." Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

Request No. 8:

Admit that the $2,000.00 allocation for floor sealant included overhead and profit.

Response to Request No. 8:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to the term "allocation" and the phrase "included overhead and profit;" (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately"; (c) the Request is not relevant to claim or defense of any party; (d) the answer herein presumes that the application of floor sealant to the entire project is outside the scope of contract, and that West Bay's allocation of floor sealant in its schedule of values applies to the new concrete patches only. Admit only to the extent that that the application of floor sealant to the entire project is outside the scope of contract, and that West Bay's allocation of floor sealant in its schedule of values applies to the new concrete patches only.

Request No. 9:

Admit that West Bay did not rely on any moisture testing results in estimating its cost for floor sealant prior to submitting its bid for the contract.

Response to Request No. 9:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible; (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately"; (c) the Request is not relevant to claim or defense of any party. Subject to and without waiving the foregoing objections, responding party responds as follows: Admit only to the extent that West Bay did not have any duty to rely on moisture test result in estimating its bid price, and that West Bay based its estimation of cost on its past experience and its understanding of the contract and the Project.

Request No.10:

Admit that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs.

Response to Request No.10:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to "within 3.0lbs;" (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately". Subject to and without waiving the foregoing objections, responding party responds as follows: Deny in part as to Request No. 10's allegation that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs to all areas of the Project; Admit in part only as to the minor area of the existing floors that were to be patched.

Request No. 11:

Admit that all moisture emission (calcium chloride) test results performed by or on behalf of West Bay for this project in April 2002, prior to application of floor sealant were above 3.0 lbs.

Response to Request No. 11:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to "above 3.0lbs;" (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately". Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

Request No. 12:

Admit that West Bay did not seek proposals for floor sealant prior to submitting its bid for this contract.

Response to Request No. 12:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to "seek proposals;" (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately". Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

\\\

\\\

\\\

Response to Request No. 13:

West Bay objects to this Request on the grounds that (a) the Request is vague, ambiguous, overbroad, compound, conjunctive and unintelligible as to "flooring manufacturer," "guarantee its product," "substrate" and "more than 3.0lbs moisture emission." (b) the Request does not comply with Fed. R. Civ. P. 36(a)'s requirement to set forth each matter of which an admission is requested "separately". (c) the Request is not relevant to claim or defense of any party. Subject to and without waiving the foregoing objections, responding party responds as follows: Deny.

Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612
(510) 465-7100
(510) 465-8556

Attorneys for Plaintiff

Dated: January 16, 2008

WBB
3336

## PROOF OF SERVICE

I declare as follows:

I am employed by the law office of McInerney & Dillon, P.C., located at 1999 Harrison Street, Suite 1700, Oakland, California 94612-4700, and am over the age of 18 years and am not a party to the within titled cause. On the date last appearing below, I served the following document(s):

**WEST BAY BUILDERS, INC.'S RESPONSE TO ADMISSION**

on the parties, through their attorneys of record by placing true and correct copies thereof:

_X_ **By Overnight Delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this date, **January 16, 2008**, at Oakland, California.

**Robin B. Loux**

## SERVICE LIST

**Counsel for The United States**
Tara Kathleen Hogan
U.S. Department of Justice
Civil Division -
Commercial Litigation Branch
1100 "L" Street, NW
Washington, DC 20530
(202) 307-1011
(202) 514-8624 (fax)
tara.hogan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I electronically filed the foregoing Plaintiff's Notice of Motion to Withdraw Admissions, Memorandum in Support of Motion to Withdraw Admissions, and the Declaration of Timothy L. McInerney with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Tara Kathleen Hogan**
U. S. Department of Justice
Civil Division- Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20530
(202) 307-1011
(202) 514-8624 (fax)
tara.hogan@usdoj.gov

/s/ Timothy L. McInerney
Timothy L. McInerney