IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, v. THE UNITIED STATES, Defendant, | No. 04-1140C (Judge M. Sweeney) |

**PLAINTIFF'S MOTION TO STRIKE AND OBJECTION TO IMPROPER EVIDENCE SUBMITTED BY GOVERNMENT IN GOVERNMENT'S REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT; REQUEST TO FILE SUR-REPLY**

Plaintiff West Bay Builders ("West Bay") respectfully submits this motion to strike and objection to improper evidence and arguments submitted by Defendant the United States ("the Government") in its Reply in Support of Cross-Motion for Summary Judgment(the "Reply").

Specifically, West Bay moved to strike the following matters:

- The Declaration of Gary Geisenhofer ("Geisenhofer Decl.") submitted by the Government in its Reply (DA 53-54).
- Exhibit 1 to Geisenhofer Decl.: Sign-in sheets for pre-bid walkthroughs (DA 56-57).
- Contract Drawing A60 (DA 63).
- Any and all arguments mischaracterizing Drawing A60 and the floor plan as requiring West Bay to apply floor moisture sealant in all areas on 1st floor concrete slab (the Government's Reply, p.10-11).

- Any reference and argument to "two types of sealants." (The Government's Reply, p. 3) and portions of Clayton Fraser's deposition transcript (DA 58-62).

In the alternative, West Bay requests that this Court grant West Bay an opportunity to file a sur-reply to these new arguments and evidences submitted by the Government shall this Court decides to consider these new arguments and evidences.

**ARGUMENT**

Reply papers should be limited to matters raised in the opposition papers. It is improper for the moving party to shift gears and introduce new facts or different legal arguments in the reply brief than presented in the moving papers. See *Lujan v. National Wildfire Federation* (1990) 497 US 871, 894-895. Where "new evidence is presented in a reply to a motion for summary judgment," the court "should not consider the new evidence without giving the movant an opportunity to respond." *Black v. TIC Investment Corp.* (1990) 900 F.2d 112, 116. If the court relies on new material contained in a reply brief, it must afford the opposing party a reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.* (10th Circ. 1998) 145 F3d 1159, 1164-1165.

The Government submitted numerous new arguments and evidences in its Reply to the Government's Cross-Motion to Summary Judgment. Therefore, these new arguments and new evidences should be stricken, or, in the alternative, this Court should grant West Bay an opportunity to respond to these new materials shall this Court decide to consider these new materials.

**A. The Declaration of Gary Geisenhofer and Exhibit 1**

In its Reply, the Government submitted the Declaration of Gary Geisenhofer and Exhibit 1 to the declaration to support its argument that West Bay's interpretation of the contract specifications was unreasonable. See Request for Judicial Notice in Support of Plaintiff's Motion to Strike ("Request for Judicial Notice"), ¶1: Defendant's Reply to Plaintiff's Response to Defendant's Cross-Motion for Summary Judgment ("Defendant's Reply"), Supplemental Appendix p. 53-57. Exhibit 1 is an alleged sign-in sheet of pre-bid walkthrough. See Request for Judicial Notice, ¶1, Defendant's Reply, Supplemental Appendix p. 55-57. The declaration and the exhibit allege that West Bay did not participate in the pre-bid walkthrough. The Government attempts to use Mr. Geisenhofer's Declaration and the exhibit to argue that that had West Bay participated in the walkthrough, it would have known that there was "visible moisture damages to floor tiles" and that West Bay would have included a more substantial dollar value for the application of moisture sealant in West Bay's bid for the Project.

Mr. Geisenhofer's Declaration and the exhibit should be stricken in their entirety. Both the declaration and the new exhibit are new evidences submitted by the Government in its Reply, and that West Bay was not afforded an opportunity to respond to the new evidences. If these evidences were offered by the Government in its Cross-motion for summary judgment, West Bay would have objected to Mr. Geisenhofer's declaration and the exhibit in West Bay's opposition to the Cross-motion by submitting evidences refuting Mr. Geisenhofer's statements concerning West Bay, and on grounds that Mr.

Geisenhofer's statements and the exhibit are misleading, irrelevant, and improper.

Therefore, West Bay respectfully requests that this Court strike Mr. Geisenhofer's Declaration and the exhibit in their entirety, or, in the alternative, grant West Bay an opportunity to respond to the new evidences in a sur-reply.

**B. Contract Drawing A60 and related argument**

The Government submitted Contract Drawing A60 to support its argument that West Bay's interpretation of the contract specifications is inconsistent with the drawing, and the Government's interpretation of the contract specifications is correct. See Request for Judicial Notice, ¶1: Defendant's Reply, p. 2-3; Supplemental Appendix p. 63. Contract Drawing A60 should be stricken in its entirety, because it was submitted by the Government as evidence for the first time in its Reply. Had the Government submitted Drawing A60 in its Cross-Motion for Summary Judgment, West Bay would have responded to the Government's mis-interpretation and mischaracterization of Drawing A60 and the floor plan in the drawing. In its Reply, the Government made the blanket assertion that "West Bay's argument that the contract drawing instructions applied only to a small portion of the contract is not based upon the actual contract drawings. See DA63 (footnote 1-The only work performed on the second floor was in the bathroom, which was leaking). " See Request for Judicial Notice, ¶1: Defendant's Reply, p. 2; Supplemental Appendix p. 63. The Government offers no explanation whatsoever to this Court why this is so, especially when the drawing itself, coupled with the plans and specifications of the Project, do not

draw the conclusion that West Bay's alleged argument is not true. Now West Bay is left with no opportunity to respond unless this Court allows West Bay to file a sur-reply.

Although the Government had referenced and quoted from Drawing A60 in its Cross-Motion to Summary Judgment, it never submitted Drawing A60 as evidence until the Government filed its Reply. It is clear that the Government is submitting Drawing A60 and the floor plan in its Reply for the sole purpose of mischaracterizing the drawing without affording West Bay an opportunity to respond. Specifically, the Government attempts to use the floor plan to give the impression that the entire first floor area of the Project requires new concrete slab and that West Bay is required to apply sealant to the entire floor area. The Government falsely equated the entire first floor-plan drawing as "all new work areas," when this characterization is not apparent from the reading of the floor plan. This is a mischaracterization of the floor plan, and West Bay should be afforded an opportunity to respond to the Government's mischaracterization. Therefore, Drawing A60 should be stricken, or West Bay should be granted an opportunity to respond in a sur-reply.

**C. References and arguments to "two types of sealants" and Portions of Clayton Fraser's deposition transcripts.**

The Government brought up argument regarding "two types of sealants" for the first time in its Reply by citing portion of Clayton Fraser's deposition transcripts. See Request for Judicial Notice, ¶1: Defendant's Reply, p.3; Supplemental Appendix p. 58-62. This new argument about the two types of sealants and any reference to Mr. Fraser's deposition transcripts in support of

this new argument should be stricken as a matter of law. Had the Government submitted this argument regarding the two types of sealants in its Cross-motion for Summary Judgment, West Bay would have addressed this new issue in its opposition to the cross-motion. Instead, West Bay is now deprived of the opportunity to respond to these new arguments unless this Court grants West Bay's request to file a sur-reply. Therefore, West Bay respectfully requests that this Court strike any reference and argument to "two types of sealants" and portions of Mr. Fraser's deposition transcripts used by the Government to support this new argument.

## CONCLUSION

Based on the foregoing, West Bay respectfully requests that this Court strike the new evidence and new arguments submitted by the Government as set forth above, or, in the alternative, grant West Bay an opportunity to respond to these materials in a sur-reply.

Respectfully submitted,

/s/ Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612
(510) 465-7100
(510) 465-8556

Attorneys for Plaintiff

Dated: January 16, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I electronically filed the foregoing Plaintiff's Motion to Strike and Objection to Evidence; Request to File Sur-reply, with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Tara Kathleen Hogan**
U. S. Department of Justice
Civil Division- Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20530
(202) 307-1011
(202) 514-8624 (fax)
tara.hogan@usdoj.gov

/s/ Timothy L. McInerney
Timothy L. McInerney