IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1140C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE OR, IN THE ALTERNATIVE, TO FILE A SUR-REPLY

The defendant, the United States, respectfully submits this response to the plaintiff West Bay Builders, Inc.'s ("West Bay") January 16, 2008 motion entitled "Plaintiff's Motion to Strike and Objection to Improper Evidence Submitted By [The] Government In [The] Goverment's Reply in Support of [Its] Cross-Motion for Summary Judgment [and] Request to File Sur-Reply." ("Pl. Mot.") West Bay moves to strike: (1) the declaration of Gary Geinsenhofer and the sign-in sheets for the pre-bid walkthrough for this project, (2) Contract drawing A060 and the Government's arguments regarding Drawing A060, and (3) references in the reply brief to two types of sealants. In the alternative, West Bay asks this Court to allow it to file a sur-reply to address these issues. Pl. Mot. at 2.

For the reasons below, the United States objects to the motion to strike because all three arguments were raised in the defendant's cross-motion for summary judgment. Nonetheless, the United States does not object to West Bay's alternative motion for leave of this Court to file a surreply to address the Government's evidence that West Bay did not participate in the pre-bid walkthrough.

I. The Geisenhofer Declaration And Exhibit

West Bay first moves to strike the declaration of Mr. Geisenhofer and an exhibit accompanying that declaration which demonstrate that West Bay did not attend a prebid walkthrough for the project. Pl. Mot. at 3.[1] West Bay argues that it was not afforded an opportunity to respond to this evidence.

In our cross-motion for summary judgment, we argued that West Bay could not show that it had attended the pre-bid walkthrough. Def. MSJ at 15. In its response, West Bay did not counter the argument with any affirmative evidence or statements to the contrary, but merely dismissed the United States' argument as "ridiculous." See Pl. Resp. to MSJ at 15. In order to respond to West Bay's implication that we did not have a basis for the assertion made in the opening motion, we submitted a declaration of Mr. Geisenhofer, a project manager, who attended the September 19, 2001 walk-through and who reviewed the two pre-bid walkthrough sign-in sheets and affirmed that no representative of West Bay attended either of the VA's walkthroughs. See DA53-57.[2]

Clearly, West Bay had an opportunity in its response brief to dispute our contention that it did not attend the pre-bid walkthrough. Nonetheless, to the extent that this Court finds that it

---

[1] Concurrent with this motion, West Bay filed a Request for Judicial Notice, pursuant to Fed. Rule of Evidence 201(b), of documents that are pleadings in this present Court proceeding. Because the pleadings are part of the Court's own docket in this matter, a formal request for judicial notice is unnecessary. To the extent that this Court deems it necessary, the defendant does not object to this Court taking judicial notice of the fact that the defendant has filed the pleadings cited.

[2] "DA__" refers to pages of the defendant's appendix.

would aid in the Court's resolution of the ultimate issue, we do not oppose West Bay's alternate motion to file a sur-reply, limited to addressing the exhibit and the declaration.

II. Contract Drawing A060 And Related Argument

West Bay also seeks to have this Court strike Contract Drawing A060 and arguments that the United States made relating to that portion of the contract. Pl. Mot. at 4. West Bay contends that the Government submitted Contract Drawing A060 to the Court for the "sole purpose of mischaracterizing the drawing without affording West Bay an opportunity to respond." Pl. Mot. at 5. This argument is without merit. The drawing was a contract document equally available to both parties and West Bay could have brought the drawing to the Court's attention. The contract drawing is clearly relevant to the Court's analysis and West Bay does not dispute that it is part of the contract. Therefore, precluding this Court from considering the contract drawing would not aid in the Court's resolution of the ultimate issue. On this basis, we object to West Bay's motion to strike the contract drawing.

Moreover, the interpretation of Contract Drawing A060 was clearly raised in our cross-motion for summary judgment, as West Bay concedes. Pl. Mot. at 5. In fact, West Bay responded to our interpretation of Drawing A60 in its response brief. See Pl. Resp. at 8-9. Specifically, West Bay argued that "[o]nly a small portion of the existing floors were to be patched with new concrete." Pl. Resp. at 8. In our reply brief, we disagreed with West Bay's argument on that point, explaining that Contract Drawing A060 identified which portions of the first floor were to have new sealant applied. The Government submitted a copy of Contract Drawing A060 so that the Court could review the document itself. West Bay has had the opportunity to address our arguments relating to the interpretation of Contract Drawing A060.

At this point, West Bay merely seeks to have the last word with respect to the meaning of the document. Thus, West Bay's motion to strike the Government's reply argument on Contract Drawing A060 should be denied.

III. Arguments Relating To Two Types Of Sealant

West Bay requests this Court to strike argument in the defendant's reply brief relating to the existence of two types of sealant. West Bay incorrectly argues that this is new argument. Pl. Mot. at 5-6. In our cross-motion, we clearly made the argument that "[t]he contract specifications allowed West Bay to use the a certain sealant system in all areas unless moisture tests specifically showed a level over 15 lbs, in which case another, sturdier sealant would be used." Def. MSJ at 18. That argument was supported by testimony of West Bay's project manager, Mr. Vierra, who testified that there were two different types of sealant. See DA32. The citation, in our reply brief, to the testimony of an additional West Bay employee who also confirmed this fact, merely reiterated the argument the Government previously made in its cross-motion. West Bay had the opportunity, in its response brief, to address this argument, including responding to or clarifying the testimony of its own witness. West Bay's motion to strike this argument should be denied. Moreover, because West Bay already had an opportunity in its response brief to respond to our argument relating to two types of sealant, West Bay should not be permitted to file a surreply on this issue.

CONCLUSION

For the foregoing reasons, we respectfully request that this Court deny West Bay's motion to strike and respectfully states that it does not oppose West Bay's alternative motion for leave of this Court to file a surreply to address the first issue only.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-2228
Fax. (202) 305-7643

January 30, 2008

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on January 30, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO FILE A SUR-REPLY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/Tara K. Hogan