IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1140C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS

The defendant respectfully submits this response to the plaintiff West Bay Builders, Inc.'s ("West Bay") motion to withdraw its admissions, filed January 16, 2008. On May 3, 2007, defendant served by first class mail and facsimile requests for admission. West Bay did not respond to those requests and they were deemed admitted by operation of Rule of the Court of Federal Claims ("RCFC") 36(a). Because West Bay has not shown that it is entitled to withdraw its admissions, this Court should deny the motion.

I. Legal Standard

RCFC 36 is identical to Federal Rule of Civil Procedure 36.[1] Under RCFC 36(a), if a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted. Rainbolt v. Johnson, 669 F.2d 767, 768 (D.C. Cir. 1981); Walsh v. McCain Foods Ltd., 81 F.3d 722, 726 (7th Cir. 1996). Any matter admitted by failure to respond to a request for admission is conclusively established, RCFC 36(b), and "can serve as the factual predicate for summary judgment." United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987).

[1] The United States Court of Appeals for the Federal Circuit has held that "general federal law interpreting the corresponding Federal Rule of Civil Procedure [is] persuasive" in the absence of local precedent. Wheeler v. United States, 11 F.3d 156, 157 n. 1 (Fed. Cir. 1993).

The Rule permits a party to move to withdraw admissions. Pursuant to Rule 36(b), the Court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). American Auto. Ass'n v. AAA Legal Clinic, 930 1117, 1119 (5th Cir.1991). In other words, no absolute right exists to withdraw admissions under Rule 36(b).

II. Presentation Of The Merits

The Court may permit a party to withdraw deemed admissions if by doing so, the presentation of the merits of the action will be subserved. West Bay seeks to withdraw two specific admissions, No. 10 and No. 13. Request for Admission No. 10 sought West Bay's opinion on whether the contract required it to reduce moisture emission levels to within 3 pounds/1000 sq. ft./24 hours. In its untimely profferred responses, West Bay admits this only to the portion of "minor area of the existing floors that were to be patched." Ex. D to Pl. Mot. at page 6.[2] West Bay argues that Admission No. 10 relates to an "ultimate fact" in this litigation and that it would "make West Bay's entire claim against [the United States] moot." Pl. Mot. at 5. Admission No. 13 sought to have West Bay admit that the flooring manufacturer would not guarantee its product if it was installed over a substrate which has more that 3.0 lbs moisture emission. This admission is relevant to the defendant's argument that West Bay's interpretation

[2] West Bay's profferred responses were served concurrently with its motion to withdraw on January 16, 2008.

of the contract provisions is unreasonable because it would have left the flooring potentially unwarrantiable.

This Court should consider whether the admission is contrary to the record of the case. Republic Savings Bank v. United States, 57 Fed.Cl. 73, 75 (2003) (refusing to permit withdrawal of admissions where party did not offer any evidence showing that original admissions were erroneous); Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658 (E.D.N.C. 1988) (refusing to allow amendment of admission because no contrary affidavit, verified pleading or other evidence suggests admission, if left standing, would render unjust result.) West Bay argues that Admission No. 13 is "factually wrong and must be withdrawn" based upon Armstrong's actual warranty requirements which states that "moisture tests should not exceed 5 pounds/1000 sq. ft/24 hours." DA40.[3] This is consistent with West Bay's project manager's testimony that the industry standard for tiling manufacturer's warranties was three to six pounds per 1000 square feet of moisture emission. DA31. As we noted in our reply brief, the five pound recommendation, which is consistent with Mr. Vierra's testimony, also supports the defendant's position. West Bay has not demonstrated that the presentation of the merits would be served by allowing it to withdraw this admission. In fact, West Bay seemingly argues against its own position by stating that the flooring manufacturer's recommendations are a "non-issue." Pl. Mot. at 7. However, in the event that this Court should grant West Bay's request, its amendment to Admission No.13 should be limited to "five" pounds.

---

[3] "DA__" refers to pages of the defendant's appendix filed concurrently with its motion for summary judgment.

Finally, although it is unclear from its motion whether West Bay is seeking such relief, West Bay should not be permitted to withdraw the remaining deemed admissions. This is because West Bay has already admitted to those facts in its responses to the Defendant's Proposed Findings of Fact ¶¶ 1-9, 11-12. These judicial admissions should take precedence over West Bay's untimely filed, and inconsistent, responses to the defendant's requests for admission. Compare, e.g., Pl. Response to Def.'s Proposed Finding of Fact ¶ 8 with Pl. Resp. to Def.'s Request for Admission No.8.

III. Prejudice To Defendant

The second prong of the test requires a showing that amendment will prejudice the party which obtained the admissions in maintaining the action or defense on the merits." RCFC 36(b). "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1117. Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. See, e.g., Branch Banking, 120 F.R.D. at 660 (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so).

In support of its prejudice argument, West Bay illogically argues that the defendant will suffer no prejudice by the withdrawal of these deemed admissions because West Bay would have not made the admissions but for its attorney's inadvertent conduct. Pl. Mot. at 9. West Bay also

argues that merely preparing a summary judgment motion does not constitute prejudice. Pl. Mot. at 9 (citing Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005)).

In Raiser, the district court found no prejudice because the moving party was only two weeks late and because the non-moving party was merely in the process of preparing its summary judgment motion at that point. By contrast, here, both parties concluded briefing their summary judgment motions over a month before plaintiff filed this motion. The motions for summary judgment are ripe for this Court's disposition. Permitting the withdrawal of the admissions at this point will require the parties to submit supplemental briefing, which further delays the disposition of this matter. This Court should conclude that the prejudice prong of the Rule 36(b) test has been met.

IV. West Bay's Conduct Is Relevant To This Court's Inquiry

In deciding whether to exercise its discretion when the moving party has met Rule 36(b)'s two-pronged test, the Court may consider other factors, including whether West Bay can show good cause for the delay. The court has the power to prevent abuse and impose sanctions for failure to timely respond to discovery, including refusing to allow withdrawal of an admission. Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir.1983). Frustration and delay of discovery may be a sufficient basis to deny the withdrawal of deemed admissions. Dukes v. So. Carolina Ins. Co., 590 F.Supp. 1166, 1168 (S.D.Miss.), aff'd 770 F.2d 545 (5th Cir.1985) (refusing to permit withdrawal of admission where plaintiffs had been evasive and dilatory throughout litigation and defendant would thereby suffer prejudice by having to prepare for and undergo trial at considerable unrecoverable expense); Wallace v. Best Western Northeast, 183 F.R.D. 199, 203 (S.D. Miss.1998) (denying motion to strike deemed admissions

where plaintiff had been dilatory throughout litigation); O'Neill v. Medad, 166 F.R.D. 19, 23 (E.D. Mich. 1996) (refusing to permit withdrawal of admissions where plaintiffs willfully decided not to respond to admissions); Equal Employment Opportunity Comm. v. Jordan Graphics, Inc., 135 F.R.D. 126, 128-29 (W.D.N.C.1991) (denying motion to withdraw where plaintiff had been dilatory on other occasions in responding to discovery requests, and where disposition of matter would likely have been delayed).

In this regard, it is appropriate to consider West Bay's failure to answer the requests for admissions, almost eight months after they were served, against the background of West Bay's consistently dilatory pattern of litigation and attitude towards compliance with its discovery obligations. The defendant served interrogatories and document requests on West Bay on June 30, 2005. West Bay responded to the interrogatories almost three months late, in October 2005. On December 20, 2005, five months after responses were due, West Bay made a partial production of documents, withholding some documents on the basis that those documents contained trade-sensitive information.

To facilitate the production of the allegedly sensitive documents, in early January 2006, defendant's counsel sent plaintiff's counsel a draft standard protective order for review and signature. Four months later, on April 13, 2006, counsel for the defendant moved to compel production of the documents because counsel for the plaintiff had neither signed the protective order nor produced the documents. Only after the defendant was forced to file a motion to compel did West Bay's counsel finally agree to join in a motion for a protective order. On May 5, 2006, this Court denied the defendant's motion to compel as moot upon the ground that the Court had entered the protective order.

Counsel for the defendant was forced to renew its motion to compel on October 10, 2006 because the documents still had not been produced after repeated attempts to communicate with opposing counsel. On October 16, 2006, sixteen months after the defendant's request for production of documents, West Bay served the remaining documents upon the defendant. West Bay did not mark any of the documents as subject to the protective order, thus calling into question whether West Bay had a good faith basis for withholding the documents for nearly a year and a half. Rather than an isolated incident of "inadvertence," West Bay's failure to respond to the requests for admissions is consistent with its pattern of non-compliance with the Court's rules.[4]

It was entirely reasonable for the defendant to believe that the requests were admitted when West Bay failed to make a timely response or even request additional time to respond to the requests. West Bay's only proffered basis for its lack of diligence in responding to the requests for admissions is its attorney's "inadvertence." Pl. Mot. at 4. Contrary to West Bay's contention that its counsel became aware of its failure to respond to the requests for admission when it received the defendant's motion for summary judgment in October 2007, both parties reported to the Court <u>four months earlier</u> that West Bay had not responded to the requests within the time permitted by Rule 36. <u>See</u> Joint Status Rpt. (filed 6/14/07). Moreover, even assuming, as West Bay claims, that its counsel only realized in October 2007 that West Bay failed to respond to the requests for admission, West Bay provides absolutely no justification for waiting another three months, after the parties have completed briefing the summary judgment motions,

---

[4] Indeed, West Bay's complaint in the Board of Contract Appeals was dismissed because West Bay failed to timely file that complaint within the board's statute of limitations.

to move to withdraw the admissions. West Bay's pattern of unreasonable delay mitigates against granting its motion to withdraw its deemed admissions.

## CONCLUSION

For the foregoing reasons, we respectfully oppose West Bay's motion to withdraw its admissions.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-2228
Fax. (202) 305-7632

February 4, 2008

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on February 4th, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/Tara K. Hogan