IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, v. THE UNITIED STATES, Defendant, | ) | No. 04-1140C (Judge M. Sweeney) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AND OBJECTION TO IMPROPER EVIDENCE SUBMITTED BY GOVERNMENT IN GOVERNMENT'S REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff West Bay Builders, Inc. ("West Bay") respectfully submits this Reply in Support of West Bay's Motion to Strike and Objection to Improper Evidence submitted in the Government's Reply ("Motion to Strike").

## ARGUMENT

### A. The Declaration of Gary Geisenhofer and Exhibit 1 are new evidence.

In the Defendant's cross-motion for summary judgment, the Defendant argued that West Bay failed to "even avail itself of the pre-bid site walk-through so that it could look at the condition of the floor." VA's Cross-motion, p. 15. The Defendant presented no evidence to support the above argument in its cross-motion, even though it had the obligation to do so. In response, West Bay presented counterevidence showing that West Bay had knowledge of the condition of the Project, and had acted reasonably and in good faith. West Bay's Opposition to Cross-motion, p. 14-16.

In its reply brief, the Defendant presented for the first time the Declaration of Gary Geisenhofer and Exhibit 1, which are the pre-bid walkthrough sign-in sheets. Clearly, West Bay was not afforded an opportunity to dispute Mr. Geisenhofer's testimony and Exhibit 1. Furthermore, West Bay was not afforded an opportunity to respond to the implications of the Defendant's new evidence, which are that there was no other pre-bid walkthrough on the Project, and that there was no other way for West Bay to look at and obtain knowledge of the condition of the floor prior to bid. Therefore, Mr. Geisenhofer and the attached exhibit must be stricken in their entirety, or, in the alternative, West Bay should be given an opportunity to respond to the new evidence in a sur-reply.

**B. Contract Drawing A60 and the Defendant's related argument re: Contract Drawing A60 are new.**

In the Defendant's reply brief, the Defendant submitted Contract Drawing A60 for the first time as evidence that the drawing itself identified that West Bay was required to apply floor sealants to all floor areas of the Project, and that the drawing itself refutes the allegation that only a small portion of the existing floors were to be patched with sealant.

Without regard to the merit, these argument are new, because the Defendant did not submit the drawing as evidence in its cross-motion. The cross-motion only referred to the instructions that accompanied Contract Drawing A060, which reads: "Provide moisture barrier at all new work areas at 1st floor concrete slab prior to installation of new finish. See Specification 07260 (Amended to 9800)." DPFUF ¶1. The instructions were submitted in the cross-motion as evidence to point out that West Bay was required to install "moisture

barrier sealant at all new areas, regardless of any initial moisture test results." Defendant's Cross-motion, p. 10. These instructions were not used in the cross-motion to point out the new allegation that the first floor concrete slab can all be characterized as "new work" based on the drawing itself.

West Bay was not afforded the opportunity to respond to these new allegations, and West Bay disputes that the drawing itself characterizes all first floor as "new work" that requires moisture sealant. In its reply brief, the Defendant only made blanket statement and was unable to clearly explain why its interpretation of the drawing itself would lend to the conclusion that all first floor areas require moisture sealant and are "new work". Therefore, West Bay should be afforded an opportunity to respond to the Defendant's misinterpretation and mischaracterization of the drawing.

**C. Evidence relating to "two types of sealants" is new and should be stricken.**

In the Defendant's Opposition to West Bay's Motion to Strike, the Defendant alleged that it had already referenced the "two types of sealants" argument toward the end of its cross-motion for summary judgment, and therefore this argument is not new. Defendant's Cross-motion, p. 18. Even though the Defendant did present the "two types of sealants" argument in its cross-motion, no evidence whatsoever was used to support this argument. Defendant's Cross-motion, p. 18-19. Instead, the Defendant presented evidence supporting this argument for the first time in its reply brief, and again in its opposition to West Bay's motion to strike.

First, there was no mention of Clayton Fraser's deposition transcripts pertaining to "two types of sealants" in the Defendant's cross-motion; Mr. Fraser's transcripts pertaining to "two types of sealants" were presented for the first time in the Defendant's reply brief. See the Defendant's Reply, p.3. Likewise, there was no mention of Kurtis Vierra's deposition transcripts pertaining to "two types of sealants" in the Defendant's cross-motion; Mr. Vierra's transcripts pertaining to "two types of sealants" were presented for the first time in the Defendant's opposition to West Bay's motion to strike. See the Defendant's opposition to West Bay's motion to strike, p. 4.

As the movant in its cross-motion for summary judgment, the Defendant has the obligation to present evidence in support of its argument. Where "new evidence is presented in a reply to a motion for summary judgment," the court "should not consider the new evidence without giving the movant an opportunity to respond." *Black v. TIC Investment Corp.* (1990) 900 F.2d 112, 116. Since it is undisputed that Mr. Fraser and Mr. Vierra's deposition transcripts relating to the "two types of sealant" argument were not presented in the Defendant's cross-motion for summary judgment, these testimonies should be stricken, or in the alternative, West Bay should be afforded an opportunity to respond.

Furthermore, the Defendant is using the "two types of sealant arguments" in an effort to confuse the central issue of whether the plain language of the plans and specifications of the Project required West Bay to apply floor sealants on all areas of the Project. As demonstrated in West Bay's motion for summary

judgment, plans and specifications indicate that West Bay was required to apply sealants if the testing results show emission level to be 15.0 lbs or more. Unable dispute the plain-meaning interpretation of the contractual language, the Defendant resorted to the deposition transcripts of two West Bay personnel who discussed in general terms the different types of sealants contractors used to seal in construction projects. The Defendant resorts to creating its own version of patent ambiguity that is not based on any reasonable interpretation of the contractual language, but rather on testimonies of individuals who were discussing the sealant issue in general terms. The fact of the matter is that application of the sealants is within the scope of the contract only if the testing results show emission level to be 15 lbs or more, regardless of whether the system utilized by the contractor is of one, two, or one hundred different types of sealants.

## CONCLUSION

Based on the foregoing, West Bay respectfully requests that this Court strike the new evidence and new arguments submitted by the Government as set forth above, or, in the alternative, grant West Bay an opportunity to respond to these materials in a sur-reply.

Respectfully submitted,

/s/ Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612
(510) 465-7100

(510) 465-8556

Attorneys for Plaintiff

Dated: February 19, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2008, I electronically filed the foregoing Plaintiff's Motion to Strike and Objection to Evidence; Request to File Sur-reply, with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Tara Kathleen Hogan**
U. S. Department of Justice
Civil Division- Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20530
(202) 307-1011
(202) 514-8624 (fax)
tara.hogan@usdoj.gov

/s/ Timothy L. McInerney
Timothy L. McInerney