IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, | ) | No. 04-1140C |
| v. | ) | (Judge M. Sweeney) |
| THE UNITIED STATES, Defendant, | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS**

Plaintiff West Bay Builders, Inc. ("West Bay") respectfully submits this Reply in Support of West Bay's Motion to Withdraw Admissions.

**ARGUMENT**

**A. The withdrawal of Admission No. 10 will aid in the presentation of the merit of the case.**

Request for Admission No. 10 requests West Bay to admit that "the contract required West Bay to reduce moisture emission levels to within 3.0 lbs." As stated in West Bay's Motion to Withdraw Admissions, Request for Admission No. 10 is part true and part false. West Bay's position is that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs only if the testing of the moisture emission levels is 15 lbs or more. Furthermore, Request for Admission No. 10 is part true and part false to the extent that only minor portion of the existing floors were to be patched.

Because the language of Request for Admissions No. 10 is so vague and ambiguous, West Bay moved to withdraw its automatic admission and served its response to the Defendant, which reads:

> Deny in part as to Request No. 10's allegation that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs to all areas of the Project; Admit in part only as to the minor area of the existing floors that were to be patched.

See Exhibit "D" to McInreney Decl. in Support of Motion to Withdraw Admissions: West Bay's Response to the Defendant's Request for Admissions No. 10. This amended response is consistent with West Bay's position that only minor portion of the existing floors were to be patched, as stated in West Bay motion for summary judgment.

It is also possible to read Request for Admission No. 10 as requesting West Bay to admit that West Bay is required to apply floor sealant to the all floors of the Project. However, Request for Admission No. 10 is so vague and ambiguous that such interpretation is overbroad and unreasonable. Furthermore, Request for Admissions No. 10 was not relied upon by the Defendant in its motion for summary judgment. Therefore, the Defendant is not prejudiced by West Bay's withdrawal of its automatic admission to Request for Admissions No. 10, especially considering that West Bay had served its amended response to Request for Admissions No. 10.

Because the withdrawal of West Bay's automatic admission to Request No. 10 will help clarify and aid in the presentation of the merit of the case, and that the withdrawal will not prejudice the Defendant, West Bay's motion to withdraw admission No. 10 should be granted.

\\\

\\\

**B. The withdrawal of Admission No. 13 will aid in the presentation of the merit of the case.**

Request for Admission No. 13 requests West Bay to admit that the flooring manufacturer would not guarantee its product if the emission level has over 3.0 lbs of moisture emission. West Bay's Motion to Withdraw Admissions correctly pointed out that flooring manufacturer's manual contains no such warranty requirement. See West Bay's Motion to Withdraw, p. 6-7.

The Defendant's Opposition does not dispute that no such warranty requirement exists. Instead, the Defendant's Opposition focuses on West Bay's project manager's alleged testimony that the industry standard for tiling manufacturer's warranties was three to six pounds per 1000 square feet of moisture emission. The project manager's testimony regarding the alleged industry standard is irrelevant to West Bay's Motion to Withdraw Admissions, because Request No. 13 specifically asks West Bay to admit that the flooring manufacturer on the Project had a specific warranty requirement of "over 3.0 lbs of moisture emission." Since West Bay had demonstrated that no such warranty requirement exists under the manufacturer's warranty, which the Defendant did not dispute, West Bay's automatic admission to request No. 13 is factually wrong and must be withdrawn.

**C. The Defendant will not be prejudiced if the admissions are withdrawn.**

In its opposition to West Bay's Motion to Withdraw, the Defendant illogically argues that, since the motions for summary judgment are ripe for this Court's disposition, the prejudice prong of the Rule 36(b) test is met and that

West Bay's Motion to Withdraw must be denied. This argument fails to show how the Defendant will be prejudiced other than the allegation that this Court should not delay in the disposition of this matter.

The Defendant's argument is flawed, because Rule 36(b) is concerned with whether the requesting party will be prejudiced in maintaining its action "on the merit," not on a party's perception that granting the motion to withdraw will "delay the disposition of this matter." The Court has not set a trial date in this matter, and therefore the Defendant's argument that it will be prejudiced by any alleged further delay is without basis.

More importantly, the Defendant is unable to show how it will be prejudiced in maintaining its action "on the merit" if the admissions are withdrawn. As mentioned in West Bay's Motion to Withdraw, both Requests No. 10 and No. 13 are not factually accurate. Specifically, Request No. 13 directly contradicts the flooring manufacturer's warranty manual. Therefore, the Defendant cannot argue that it is relying on the two automatic admissions to maintain its action "on the merit" when these two admissions are not factually accurate.

Furthermore, as stated in West Bay's Motion to Withdraw, the Defendant attempts to misuse West Bay's inadvertent admission to Request No. 13 to falsely assert in its PFUF No. 13 that all floor manufacturers generally will not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission. See West Bay's Motion to Withdraw Admissions, p. 8 and 10. This tactic suggests that the Defendant knew that West Bay's flooring

manufacturer on the Project did not have the alleged warranty requirement, but since West Bay had inadvertently admitted to Request No. 13, the Defendant will now use West Bay's inadvertence to support the much broader statement that all floor manufacturers do not guarantee their products if the substrate has more than 3.0 lbs moisture emission. The Defendant should not be allowed to profit from West Bay's inadvertence, especially when the Defendant had demonstrated that it was not really interested in presenting the merit of its case, but rather to confuse and mislead.

**D. West Bay will agree not to withdraw the remaining admissions (Request No. 1-9, 11-12)**

The Defendant alleged that West Bay's counsel had deliberately and unreasonably delayed in other discovery matters in the present dispute. However, West Bay's Motion to Withdraw Admissions is filed solely for the purpose that the merit of the case and the parties' respective arguments may be properly presented before this Court. As stated earlier, withdrawing West Bay's automatic admissions will help present the merit of the case and the undesirable outcome of this Court relying on false statements to determine the merit of the case. Therefore, West Bay will agree not to withdraw the remaining admissions to Requests No. 1-9, 11-12.

## CONCLUSION

For the reasons stated above, West Bay respectfully requests this Court to grant is Motion to Withdraw Admissions.

Respectfully submitted,

/s/ Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612
(510) 465-7100
(510) 465-8556
Attorneys for Plaintiff

Dated: February 19, 2008

**DECLARATION OF TIMOTHY L. MCINCERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2008, I electronically filed the foregoing Plaintiff's Notice of Motion to Withdraw Admissions, Memorandum in Support of Motion to Withdraw Admissions, and the Declaration of Timothy L. McInerney with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Tara Kathleen Hogan**
U. S. Department of Justice
Civil Division- Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20530
(202) 307-1011
(202) 514-8624 (fax)
tara.hogan@usdoj.gov

/s/ Timothy L. McInerney
Timothy L. McInerney