# In the United States Court of Federal Claims

No. 04-1140 C
(Filed: March 14, 2008)

| | |
|---|---|
| WEST BAY BUILDERS, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

## ORDER

Before the court are Plaintiff's Motion to Strike and Objection to Improper Evidence Submitted by Government in Government's Reply in Support of Cross-Motion for Summary Judgment; Request to File Sur-Reply ("Pl.'s Mot." or "motion"), Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion to Strike and Objection to Improper Evidence, Defendant's Response to Plaintiff's Motion to Strike or, in the Alternative, to File a Sur-Reply ("Def.'s Resp." or "response"), and Plaintiff's Reply in Support of Motion to Strike and Objection to Improper Evidence Submitted by Government in Government's Reply in Support of Cross-Motion for Summary Judgment ("Pl.'s Reply"). In its motion, plaintiff argues that defendant improperly included additional arguments and evidence in its reply brief to defendant's cross-motion for summary judgment. Pl.'s Mot. 3-6. Specifically, plaintiff requests that the court strike the following: (1) Declaration of Gary Geisenhofer and Exhibit 1 to defendant's reply brief discussing a pre-bid walkthrough for the project; (2) contract drawing A60 and related argument; and (3) portions of Clayton Fraser's deposition transcripts, together with references and arguments to "two types of sealants." Id. Defendant maintains that all three arguments were raised in its cross-motion for summary judgment; however, it does not object to plaintiff's request to file a surreply with respect to a pre-bid walkthrough for the project. Def.'s Resp. 1, 3.

With respect to plaintiff's first objection, defendant states that it submitted a declaration of Mr. Gary Geisenhofer in order to refute plaintiff's characterization of one of its arguments as "ridiculous," namely that had plaintiff attended a pre-bid walkthrough, it would have been aware of the damage attributable to moisture. Id. at 2. Defendant also sought to demonstrate that "no representative of West Bay attended either of the VA's walkthroughs." Id. Plaintiff argues that defendant attempts to utilize this declaration "to argue that . . . had West Bay participated in the walkthrough, it would have known that there was 'visible moisture damages to floor tiles' and that West Bay would have included a more substantial dollar value for the application of

moisture sealant in [its] bid for the Project." Pl.'s Mot. 3. Plaintiff contends that it was 'not afforded an opportunity to respond to the implications . . . that there was no other pre-bid walkthrough on the Project, and that there was no other way for West Bay to look at and obtain knowledge of the condition of the floor prior to bid." Pl.'s Reply 2.

The second objection plaintiff raises concerns defendant's submission of Contract Drawing A60, which plaintiff alleges was submitted as evidence "for the first time" in defendant's reply brief. Pl.'s Mot. 4. Defendant argues that "[t]he drawing was a contract document equally available to both parties and West Bay could have brought the drawing to the Court's attention." Def.'s Resp. 3. Although plaintiff concedes that defendant "had referenced and quoted from Drawing A60 in its Cross-Motion to Summary Judgment," it argues that the drawing was submitted "for the sole purpose of mischaracterizing the drawing without affording West Bay an opportunity to respond." Pl.'s Mot. 5; see also Pl.'s Reply 3 ("West Bay disputes that the drawing itself characterizes all first floor as 'new work' that requires moisture sealant . . . . West Bay should be afforded an opportunity to respond to the Defendant's misinterpretation and mischaracterization of the drawing."). But see Def.'s Resp. 4 (claiming that plaintiff "merely seeks to have the last word with respect to the meaning of the document").

Lastly, plaintiff objects to defendant's use of portions of Mr. Clayton Fraser's deposition as well as arguments concerning "two types of sealants." Pl.'s Mot. 5. Defendant argues that citation to Mr. Fraser's testimony "merely reiterated the argument the Government previously made in its cross-motion," and that "West Bay had the opportunity, in its response brief, to address this argument, including responding to or clarifying the testimony of its own witness." Def.'s Resp. 4. Although plaintiff characterizes defendant's argument regarding two types of sealants as "new" and made "for the first time" in its reply brief, Pl.'s Mot. 5, it later concedes that "Defendant did present the 'two types of sealants' argument in its cross-motion," Pl.'s Reply 3. Nonetheless, plaintiff maintains that defendant first presented evidence in support of its argument in its reply brief. Id. Because it is "undisputed that . . . deposition transcripts relating to the 'two types of sealant' argument were not presented in the Defendant's cross-motion for summary judgment," plaintiff asserts that it should have an opportunity to respond. Id. at 4. Furthermore, plaintiff maintains that defendant's argument is meant "to confuse the central issue of whether the plain language of the plans and specifications of the Project required West Bay to apply floor sealants on all areas of the Project." Id.

Defendant's arguments countering plaintiff's motion to strike are well-grounded. In particular, the court notes that plaintiff's characterization of one of defendant's arguments as "ridiculous" raises a potential Rule 11 issue. Faced with this allegation, defense counsel had little option other than to offer rebuttal evidence. Surely plaintiff's counsel is aware that disparaging comments are no substitute for hard facts. Consequently, the court declines to strike those portions of defendant's reply to its cross-motion for summary judgment that are the subject of the instant motion. In the interest of justice, plaintiff shall be permitted to file a surreply in which it is limited only to addressing and responding to the three issues discussed above.

**Accordingly, plaintiff's motion is GRANTED in part and DENIED in part. Plaintiff shall file its surreply no later than Monday, March 24, 2008.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge