IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1140C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Pursuant to the Court's June 24, 2008 order, the defendant, the United States respectfully submits this status report which provides this Court with the defendant's position concerning the impact of West Bay Builders, Incorporated's ("West Bay") deemed admissions. On March 14, 2008, this Court denied West Bay's motion to withdraw its admissions, which were deemed admitted, pursuant to RCFC 36(b), by West Bay's failure to respond.

West Bay's admissions may "serve as the factual predicate for summary judgment." United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987). Admissions numbered 1-9 and 11 are undisputed by West Bay. See Pl. Resp. to Def. PFUF ¶¶ 1-9; 11. These facts, particularly West Bay's failure to seek clarification on the flood sealant specifications (Admission Nos. 3-4 ), its bid allocation of only $2000 for sealant installation (Admission No. 6), and its lack of any moisture test results prior to bid (Admission No. 9) provide this court context against which to review West Bay's claim of reasonableness.

Admission No. 13 relates to the manufacturer's warranty. The admission provides: "The flooring manufacturer would not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emissions." This admission disposes of West Bay's argument

that its interpretation of the floor sealant provisions was reasonable. Under either a patent or latent ambiguity theory, West Bay must demonstrate that its proffered interpretation was reasonable. See P.R. Burke Corp. v. United States, 277 F.3d 1346, 1355 (Fed. Cir. 2002); Metric Constructors, Inc. v. NASA, 169 F.3d 747, 751 (Fed. Cir. 1999) (noting that for a contract term to be ambiguous, both parties' interpretations must lie in a "zone of reasonableness").

West Bay's position is that the contract did not require installation of floor sealant unless the measured moisture emission was over 15 lbs. See Pl. Mot. for Summ. J. at 20. However, the manufacturer of the tile (which was applied over the sealant) would not warranty its work if the moisture emission was more than three pounds. See Admission No. 13; DPFUF ¶ 13. West Bay's interpretation, which would render it unable to comply with another term of the contract (installation of warrantiable tile) is unreasonable. See Fortec Constructors v. United States, 760 F.2d 1288, 1291 (Fed.Cir.1985) ("[i]n deciding the correct meaning of a contract containing a patent ambiguity it is proper to consider the trade standards and practices of the relevant business community.") West Bay's interpretation is also inconsistent with section 9660 of the contract specifications, which directed it to apply sealant "[a]s recommended by the adhesive and tile manufacturer." DA48.[1]

The effect of West Bay's admission is that, even if this Court concludes that there is a latent contract ambiguity (which would normally entitle the contractor to judgment), West Bay's motion must be denied because its interpretation is unreasonable. Thus, it is the defendant's position that West Bay's admission narrows a significant issue for the Court:

[1] "DA__" refers to pages of the appendix to defendant's cross-motion for summary judgment.

whether West Bay's proffered contract interpretation is reasonable.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th fl.
Washington, D.C. 20530
Tele: (202) 616-2228
Fax: (202) 305-7643

July 1, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 1, 2008, a copy of the foregoing "Defendant's Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Tara K. Hogan