IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST BAY BUILDERS, INC., Plaintiff, v. THE UNITIED STATES, Defendant, | ) | No. 04-1140C (Judge M. Sweeney) |

**PLAINTIFF'S STATUS REPORT PURSUANT TO THE COURT'S JUNE 24, 2008 ORDER**

Pursuant to this Court's June 24, 2008 order, Plaintiff West Bay Builders, Inc. ("West Bay") respectfully submits this status report concerning whether the admissions by West Bay have impacted, narrowed, or resolved any pending issues before to this Court.

## ARGUMENT

**The admissions have no impact upon the issues presented in this case.**

The heart of West Bay's Motion for Summary Judgment is the issue of whether the Project's contract specifications required West Bay to apply concrete moisture sealant to the entire floor of the Project. West Bay argued that it is entitled to compensation for the application of concrete moisture sealant as directed by the Government, while the Government contended that contract specifications contained a patent ambiguity such that West Bay was obliged to seek clarification prior to bidding.

The deemed admissions by West Bay have no impact, because the admissions are not central to the dispositive issue of interpretation of the contract specifications.

**A. Admission to Request No. 10 was not relied by the Government and is not central to the dispositive issue of contract interpretation.**

West Bay had previously sought to withdraw Request for Admission No. 10, which reads:

> "Admit that the contract required West Bay to reduce moisture emission levels to within 3.0 lbs."

The Government did not rely upon West Bay's admission to Request No. 10 to support its primary argument that West Bay was obliged to seek clarification prior to bidding because of a patent ambiguity in the contract. In fact, the Government did not cite to West Bay's automatic admission to Request No. 10 at all in its Cross-motion and Reply to the Cross-motion.

The Government's lack of reliance upon West Bay's admission to Request No. 10 is indicative that the admission has no impact in narrowing or resolving any pending issues before this Court. As stated earlier in West Bay's motion papers, Request No. 10 is vague and ambiguous because it is incomplete. The contractor was required under the contract specifications to reduce moisture emission levels to within 3.0 lbs, but only as to the minor portion of the existing floors and only when the testing of the moisture emission levels is 15 lbs or more. See Exhibit B to Vierra Decl. Paragraph 1.02A. In other words, Request No. 10 is only partially true, since it did not address the issues of when and where the moisture sealant was to be applied to reduce moisture emission levels. West

Bay never denied that the contract specifications required West Bay to reduce moisture emission levels to within 3.0 lbs, but only under specific circumstances outlined under the contract, which is not addressed by Request No. 10. Because Request No. 10 does not address the condition precedent required to apply the sealant to reduce moisture emission levels, an admission to Request No. 10 does not resolve any pending issue of contract interpretation.

The Government did not rely on admission to Request No. 10 in its motion papers, presumably because it had contended all along that a patent ambiguity exists in the contract specifications: some parts allegedly required West Bay to apply moisture sealant on the entire floor area, while other parts allegedly required West Bay to conduct testing prior to application of the sealant to reduce moisture emission level. Therefore, an admission to the blanket statement asserted in Request No. 10 would not have helped the Government's argument that different parts of the contract specifications created a patent ambiguity that would require West Bay to seek clarifications prior to bidding.

Admissions made in request for admissions are not necessarily binding where the requests for admissions are subject to more than one interpretation; the court has discretion to interpret them and to determine their scope and effect. *Johnson v. DeSoto County Bd. Of Commrs.* 204 F. 3d 1335, 1340 (11th Cir., 2000); *see also Rolscreen Co. v. Pella Products of St. Louis, Inc.* 64 F.3d 1202, 1210 (8th Cir.,1995) ("The conclusive effect envisioned by the rule may not be appropriate where requests for admissions or the responses to them are subject to more than one interpretation.") As stated above, the incomplete statement contained in Request No. 10 is vague, and subject to more than one

interpretations. Therefore, West Bay respectfully requests that this Court does not rely on West Bay's admission to Request No. 10 to determine the merit of the case.

**B. Request No. 13 is not relevant to the dispositive issue of the case, and therefore should not be relied upon to limit or resolve any pending issue in this case.**

The Government attempts to use West Bay's admission to Request No. 13 to support its argument that West Bay's interpretation of the floor sealant provisions was unreasonable. However, Request No. 13 is not relevant to any dispositive issue of the case, because the Government has failed to cite any provision of the contract specifications that would require the flooring manufacturer to warrant its products. Flooring manufacturer's alleged warranty requirement is not a part of the contract, and therefore is irrelevant especially in the light of the plain meaning of Section 09800 and other provisions that deal with application of floor sealants.[1]

The Defendant's Request for Admissions No. 13 reads:

> "Admit that the flooring manufacturer would not guarantee its product if it was installed over a substrate which has more than 3.0 lbs moisture emission."

Admission to Request No. 13 has no impact in narrowing or resolving any pending issues before this Court, because, as already stated by West Bay in its

[1] The only contract specification cited by the Government in an effort to indirectly support its flawed argument that West Bay should strictly follow flooring manufacturer's warranty requirement is Paragraph 2.4 of Section 9660, which reads: "As recommended by the adhesive and tile manufacturer. Seal for moisture content of 15 lbs. Contractor to provide testing to verify moisture level. See Specification 09880 and Part 3.2, Subfloor Preparation." Paragraph 2.4 does not talk about any warranty requirement, and it actually goes on to state that the contractor is required to conduct moisture testing and seal only when testing shows emission levels exceeds 15 pounds. This is consistent with West Bay's interpretation.

response to the Government's cross-motion, the warranty of the VCT is a non-issue in this litigation. The Government did not sue West Bay for breach of warranty. The Government's argument regarding the warranty is irrelevant because the present case deals with interpretation of contract, not breach of warranty. It would be unreasonable for West Bay to rely on the flooring manufacturer's alleged warranty requirement when the plain meaning of the contract specifications is unambiguous and clearly spells out how West Bay is to proceed with the application of the sealant. When a contractor interprets the terms of the contract specifications, it is not required to rely on the tile manufacturer's alleged warranty requirement to determine how the contractor is to proceed under the contract because the contract makes no mention of an manufacturer's warranty requirement. As stated in West Bay's opposition to the Government's Cross-Motion, Western Flooring Corp was West Bay's subcontractor for the installation of the floor tiles. The fact that West Bay, Western Flooring Corp., and West Bay's surety bond fully warrant the VCT pursuant the drawings and specifications of the contract, not Armstrong, makes the Government's argument regarding the flooring manufacturer's alleged warranty requirement irrelevant.

In addition, as stated earlier in West Bay's motion papers, the flooring manufacturer's alleged warranty requirement cited by the Government is under the section "Installation Tips." It is not reasonable for a contractor to construe "Installation Tips" in the flooring manufacturer's manual as an actual contractual requirement or a guide for the contractor to reduce the moisture emission

levels to be under 3 lbs for the entire floor areas on the Project, when the contract specifications clearly does not have such requirement.[2]

**C. The Other Deemed Admissions**

The statements stated in the other deemed admissions are not inconsistent with the undisputed facts presented by West Bay in its Cross-motion for summary judgment. Therefore, West Bay believes that these deemed admissions have no impacts on any pending issues before this Court.

**CONCLUSION**

For the reasons stated above, West Bay respectfully requests that that this Court takes into account of the arguments, evidences and records submitted by both parties concerning the dispositive issues of the case, rather than relying on West Bay's vague admissions to narrow or resolve any pending issues before this Court.

Respectfully submitted,

/s/ Timothy L. McInerney

Timothy L. McInerney
McInerney & Dillon PC
1999 Harrison Street
Oakland, CA 94612
(510) 465-7100
(510) 465-8556
Attorneys for Plaintiff

Dated: July 1, 2008

[2] Furthermore, the section cited by the Government references 5 lbs as the suggested threshold of moisture test result, not 3 lbs. See Request for Judicial Notice, ¶2: Defendant's Appendix to Cross-motion for Summary Judgment, p. 40.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2008, I electronically filed the foregoing Plaintiff's Motion for Summary Judgment with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Tara Kathleen Hogan**
U. S. Department of Justice
Civil Division- Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20530
(202) 307-1011
(202) 514-8624 (fax)
tara.hogan@usdoj.gov

/s/ Timothy L. McInerney
Timothy L. McInerney